266 So.2d 500 (1972)
Joseph W. DIECK, Jr.
v.
DEPARTMENT OF POLICE.
No. 4369.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1972.
Rehearing Denied October 4, 1972.
Craig J. Cimo, Gretna, for appellant.
Blake G. Arata, City Atty., Michael A. Starks, Asst. City Atty., for appellee.
Before LEMMON, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
This is an appeal from a ruling of the Civil Service Commission of the City of New Orleans sustaining the dismissal of appellant, Joseph W. Dieck, Jr., from the Department of Police. Succinctly stated the facts are that because Dieck was suspected of having knowledge pertinent to alleged criminal activities of certain police officers, he was required to give a statement relative to an intradepartmental investigation and to take a polygraph test to verify that statemeint. This Dieck did voluntarily. The polygraph examiner was of the opinion that Dieck had attempted deception. Dieck was so informed and thereafter voluntarily gave a second written *501 statement correcting or clarifying the first. He was asked to take a second polygraph test to verify the latter statement. Dieck agreed but requested a delay because of personal business. Prior to taking the second test Dieck formed the opinion that the investigation was of a criminal nature and not an intradepartmental proceeding. For this reason and upon the advice of his attorney, he refused to take the test after being ordered by several superiors to do so and after being informed if he persisted in his refusal he would be subject to disciplinary action of suspension and/or dismissal. After the elapse of several delays, he failed to submit and was dismissed from the police force. His appeal to the Civil Service Commission was denied and from this ruling he has appealed to this court.
Appellant relies on four specifications of error which are quoted from his brief as follows:
"I. The Commission failed to properly decide plaintiff-appellant's appeal in confromity with Rule 11, Section 4, subsection 4.5 * * * of the Civil Service Commission * * * in that the hearing * * * was concluded on February 12, 1970, and according to said rule * * * a decision must have been made * * * within ninety (90) days * * * the Commission in the instant matter not reaching a decision until May 18, 1970, ninety-five (95) days after the conclusion of the hearing referred to herein.
"II. That the New Orleans Department of Police, at the time of plaintiff-appellant's suspension and dismissal was conducting both a criminal and intradepartmental investigation, and, once plaintiff-appellant was advised that he was a suspect in a criminal investigation said investigation no longer was veiled with the cloak of intradepartmental investigation.
"III. That to require plaintiff-appellant to submit to a second polygraph examination to corroborate his second written statement was improper.
"IV. The order to submit a polygraph examination is beyond the authority of the Superintendent of Police and/or his subordinates."
These contentions are without merit.
Rule II, § 4(4.5) of the Rules of the Civil Service Commission provides that "appeals to the Commission shall be decided promptly but in any event within ninety (90) days after completion of a hearing." (Emphasis ours.) At the conclusion of the taking of testimony on February 12, 1970, the Commission granted the appellant 20 days to submit a written brief, i. e., by March 4, 1970, and the Appointing Authority, until March 12 to submit a rebuttal memorandum. The appellant contends that since neither party submitted memoranda, the completion of the hearing reverted to the date of the conclusion of testimony on February 12, 1970. Were this contention valid, the Commission's decision would be five days tardy, having been reached on May 18, 1970, some 95 days after February 12, 1970. However, the record does not support this argument since the Commission specifically announced after the granting of the above-mentioned periods, "the time for the decision, gentlemen, by the Commission, does not begin to run until March 12, 1970 * * *." This date marks the completion of the hearing. We therefore find that the Commission's decision was timely under the rule. In view of this finding, we are not required to consider the merits of appellant's contention relative to the legal effect of the Commission's failure to timely decide his appeal.
Appellant's allegations of error II, III, and IV relate to the required polygraph examination. While the appellant acknowledges that there exists a line of cases maintaining the general authority of the police *502 department to reasonably require polygraph examinations, he urges that his case is not governed by this jurisprudence.[1]
In the Roux case, as in the instant matter, the police officer refused to submit to a polygraph test in order to verify his earlier statements made during the course of an investigation. The court ruled:
"* * * [T]he police officer has no inalienable right to employment as a police officer * * * Roux's refusal to submit to the polygraph test, thereby impeding and hindering the inquiry into violations of the law which he was sworn to uphold and defend was an act of misconduct on his part as a result of which he could no longer be said to possess the high standards of conduct required of a policeman. The order was reasonable and within the limits of due process." 223 So.2d at 910.
The court quoted with approval the following excerpt from the case of Callahan v. New Orleans Police Department, 171 So.2d 730, 737 (La.App. 4th Cir. 1965):
"The paramount interest of the public in the area of law enforcement is so obvious that further comment seems unnecessary. A police officer who refuses to cooperate with the proper authority of the city by which he is employed; who refuses to give information within his knowledge; or who impedes or hinders the inquiry by the proper authorities into violations of the law which he has sworn to uphold and defend, is no longer of any value to the city as a police officer. Any law which declares and renders such officer disqualified from continuation in public service is within the limits of the reasonable exercise of the police power of the State and not violative of due process. * * *"
Appellant factually distinguishes this matter from the Roux case in that he considered himself to be a suspect in a criminal investigation, whereas Roux was advised that he was not being investigated for the commission of any crime. Admittedly, in this instance, there exists a fine line of distinction between an intradepartmental inquiry and a criminal investigation. Perhaps the true character of the proceedings was best described by Major James Arnold of the New Orleans Police Department, who termed it as "an administrative investigation of a matter that was criminal in nature." It is readily understandable why Sergeant Dieck was uncertain of his status, whether that of an informant or a witness. This is particularly true in view of the circumstance that all written notices or orders directed to appellant by the police department in connection with the investigation contained the following declaration:
"We are in possession of information indicating that you have been involved in illegal activities, more specifically, the commission of burglaries, and/or possession of stolen property, and/or malfeasance by failing to take proper police action upon becoming aware of serious law violations."
The record bears out that Sergeant Dieck was never requested to waive immunity when interrogated about his knowledge of the incident.
Assuming arguendo that appellant was suspected of criminal activities this would not relieve him of the duty to submit to the examination as directed. A similar contention has previously been considered by this court in the case of Clayton v. New Orleans Police Department, 236 So.2d 548, 552 (1970), in which the court held:
"Now, addressing ourselves to appellants' fourth contention, we find that the facts in Roux v. New Orleans Police Department are similar to those in the in-instant case * * * In Roux, as here, *503 a New Orleans police officer was dismissed from the force because he refused to take a polygraph test to verify prior statements made by him in the intradepartmental investigation. Applications for writs were refused in Roux both by the Supreme Court of Louisiana (254 La. 815, 227 So.2d 148) and by the Supreme Court of the United States (397 U.S. 1008, 90 S.Ct. 1236, 25 L.Ed.2d 421 (1970)). We adhere to the views expressed in our opinion in Roux.

"The sole difference between Roux and the instant case upon which appellants rely in an attempt to distinguish the two cases is that in Roux the dismissed police officer was informed he was not a suspect whereas here the appellants were informed they and other policemen were considered suspects of a possible crime. In our opinion' the difference is immaterial. Certainly a civil service employee suspected of having committed a crime is not entitled to more consideration, relative to constitutional privilege or otherwise, than one of his fellow employees as to whom there are no grounds for such a suspicion."
Thus under the view expressed in Clayton, the fact that appellant considered himself as being a suspect is of no legal significance nor can it serve as a justification for his refusal to submit to a polygraph examination.
Having concluded that the police department through its proper officer has the authority to order a police officer to submit to a polygraph examination, there only remains for determination whether or not it was reasonably exercised. Appellant maintains that the requirement to submit to a second polygraph examination constitutes an abuse of authority. In view of appellant's unsatisfactory first polygraph examination and the subsequent contradictory written statement made thereafter by him, we find the requirement of a second examination to be warranted and reasonable, particularly in view of the offer (referred to in the letter of dismissal) of the Superintendent of Police to submit the questions in advance of the examination.
For these reasons the decree of the Civil Service Commission maintaining the dismissal of appellant from the New Orleans Department of Police is hereby affirmed.
Affirmed.
LEMMON, J., concurs.
LEMMON, Judge (concurring).
The reasonable use of the polygraph examination is authorized by La.Const. art. 14, § 15(P) (1). The seriousness of the investigation of burglaries by members of the Police Department reasonably justified the use of the polygraph examination in this particular case.
However, since Dieck was compelled to answer questions under threat that he would otherwise be removed from office, neither the answers nor the fruits thereof could be used against him in any subsequent criminal prosecution. Garrity v. State of New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed. 2d 562 (1967). Dieck was not requested to waive immunity with respect to the use of this information against him or to waive any other constitutional right, but was simply required to answer questions specifically related to the performance of his official duties. Under the restricted circumstances of this case, I concur that the answers could be compelled and that dismissal was proper for refusal to submit to the examination.
NOTES
[1] Articles 27, 54, and 59 of the Rules for the Administration of the Department of Police; LSA-Const. Art. 14, § 15(P) (1); Roux v. New Orleans Police Department, 223 So.2d 905 (La.App. 4th Cir. 1969).