**E. D. RICHARDSON, Appellant,**

v.

**CITY OF PASADENA et al., Appellees.**

No. 845.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 26, 1973.

Rehearing Denied Oct. 17, 1973.

Charles E. Humphrey, Jr., J. Keith Short, B. J. Walter, Jr., Foreman, Dyess, Prewett, Rosenberg & Henderson, James Calaway, Houston, for appellant.

Charles A. Easterling, City Atty., Pasadena, for appellees.

COULSON, Justice.

This suit was instituted to set aside an order of the Civil Service Commission of the City of Pasadena indefinitely suspending and permanently dismissing E. D. Richardson from the classified service of the Police Department of the City of Pasadena for his insubordination in refusing to submit to a polygraph examination. After a trial de novo the district court upheld the indefinite suspension and permanent dismissal.

The first issue is whether the indefinite suspension and permanent dismissal of a police officer based solely upon his insubordination in refusing to submit to a polygraph examination is lawful. The second issue is whether the reception of affidavits by the Civil Service Commission after the close of testimony and without notice to appellant deprived him of fundamental due process.

Appellant complained through police department channels of his "Report of Performance Rating" for the six-month period ended December 31, 1971. Chief Ellis R. Means ordered an investigation which produced allegations of unsatisfactory performance by Officer Richardson. To determine whether the alleged improper activities (none of which involved charges of criminal conduct) had continued into the performance rating period in question and further to determine whether such activi-

ties had continued to the time of the investigation, Chief Means ordered appellant to submit to a polygraph examination. Appellant refused the order to take the polygraph examination. Thereafter Chief Means issued a written order indefinitely suspending Officer Richardson for insubordination. Officer Richardson timely appealed said order of indefinite suspension to the Civil Service Commission of the City of Pasadena.

At the Commission hearing, appellant maintained that Chief Means had merely requested that he take a polygraph examination. The Chief of Police, the only other witness, stated he had given a direct order. Six days after the open hearing, the Commission accepted the affidavits of three police officers who were present at the conference in question, which affidavits corroborated the version of Chief Means. The Commission found insubordination in the refusal of the polygraph examination and upheld the indefinite suspension and ordered the permanent dismissal of appellant.

The district court, during the trial de novo, heard the testimony of Chief Means, the appellant, the three civil service commissioners, two of the three affiants, and others. Applying the substantial evidence rule for review of administrative hearings, the trial court affirmed the indefinite suspension and permanent dismissal of Officer Richardson.

If the order to submit to a polygraph examination were unreasonable or unconstitutional, the appellant's refusal would not be the insubordination required for dismissal by Rule 13, Section 6(e) of the Policemen's Civil Service Rules of Pasadena. Appellant urges that his constitutional rights to privacy, freedom of association, and due process were violated by the special order and by his dismissal pursuant to his refusal. The question of whether a dismissal for refusal to submit to a polygraph examination is constitutional was addressed in Talent v. City of Abilene, 499

S.W.2d 724 (Tex.Civ.App.—Eastland 1973, no writ). There a fireman refused to take a polygraph examination concerning .a criminal investigation. The Eastland Court of Civil Appeals rejected the constitutional argument, citing several precedents of other jurisdictions. These cases are pertinent, although they basically involve the right against self-incrimination in a criminal investigation rather than the right of privacy in an efficiency investigation. *See* Seattle Police Officers' Guild v. City of Seattle, 80 Wash.2d 307, 494 P.2d 485 (1972).

■ A private citizen has "the right of privacy" enunciated by the Texas Supreme Court in the case of Billings v. Atkinson, 489 S.W.2d 858 (Tex.Sup.1973). A private citizen has a right to refuse a polygraph examination. The appellant as a police officer is a public employee. By accepting public employment as a police officer he subordinated his right of privacy as a private citizen to the superior right of the public to an efficient and credible police department. A police officer is guilty of insubordination in refusing a direct order of a superior officer to submit to a polygraph examination during a departmental investigation of a matter relating to efficiency and credibility when reasonable cause exists to believe that the police officer so ordered can supply relevant knowledge or information. Insubordination in refusing a reasonable and constitutional command cannot be upheld without jeopardizing the system of police administration which is premised on discipline.

Chief of Police Means was confronted with allegations that Officer Richardson had engaged in improper conduct. Officer Richardson denied the allegations. The polygraph is a scientific instrument used by police departments as an aid in the search for truth. The order of the Chief of Police to the appellant to take a polygraph examination was not unreasonable under the circumstances nor was the order less reasonable because the investigation did not involve a charge of criminal con-

duct. *See* Coursey v. Board of Fire and Police Commissioners, 90 Ill.App.2d 31, 234 N.E.2d 339 (1967).

■ The indefinite suspension and permanent dismissal of Officer Richardson based upon his insubordination in refusing to submit to the polygraph examination was lawful.

The second issue is whether the receipt of affidavits after the hearing without notice to, or the presence of, the appellant violated the requirements of due process. The Firemen's and Policemen's Civil Service Act provides:

"The members of the Civil ˙Service Boards are hereby directed . . . when sitting as a board of appeals for a suspended or aggrieved employee . . . to conduct such hearing fairly and impartially . . . considering only the evidence presented before them in such hearing." Vernon's Tex.Rev.Civ. Stat.Ann. art. 1269m, sec. 16a (1963).

The record reveals that after the hearing the Civil Service Commission did receive and read three pertinent affidavits before its decision. The three affidavits were by police officers who were present at the conference between Chief Means and Officer Richardson, and they corroborate the statement of Chief Means before the Civil Service Commission to the effect that he had *ordered* Officer Richardson to take a polygraph examination. Appellant was deprived of the right to object to the admission of the affidavits and he was further deprived of the right to cross-examine the three affiants.

■ The Firemen's and Policemen's Civil Service Act provides for a trial de novo in the district court in the event the policemen is dissatisfied with the decision of the Commission. Tex.Rev.Civ.Stat.Ann. art. 1269m, sec. 18 (1963). Such an appeal is governed by the substantial evidence rule. The review is limited to an ascertainment of whether there was substantial evidence reasonably sufficient to support the chal-

**178**

lenged order. Firemen's and Policemen's Civil Serv. Com'n v. Hamman, 404 S.W.2d 308 (Tex.Sup.1966).

In the case at bar, the trial court in the trial de novo heard the testimony of many witnesses including but not limited to Chief Means, the appellant, the three civil service commissioners, two of the three affiants, and it reviewed a full statement of facts, prepared by the court reporter who attended the hearing before the Civil Service Commission, and reviewed the three affidavits. The appellant was present at the trial de novo. He was represented by an attorney of his own choice who cross-examined the witnesses against the appellant. At said trial de novo appellant was afforded the opportunity to subpoena witnesses. After the trial de novo the court upheld the indefinite suspension and permanent dismissal of the appellant as being reasonably supported by substantial evidence. The court made findings of fact and conclusions of law.

█ Inasmuch as the Civil Service Commission in granting the challenged order acted upon substantial evidence reasonably sufficient to support said order, which supporting evidence was properly submitted at the hearing before the Civil Service Commission, the improper receipt by the Civil Service Commission after the closing of the hearing of the three affidavits in question did not violate fundamental due process. Firemen's and Policemen's Civil Serv. Com'n v. Hamman, supra; Fire Department of City v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664 (1949).

█ In the event the facts before the court had revealed that at the hearing before the Civil Service Commission the City failed to present substantial evidence reasonably sufficient to support the order of such Commission, the receipt by the Commission after the close of the hearing of the affidavits as the evidence supporting its order would be such a taint of illegality which would have deprived the appellant of fundamental due process and the order

of the Commission upon appeal could have been set aside. Gerst v. Jefferson County Savings and Loan Asso., 390 S.W.2d 318 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.).

We have considered all of appellant's points of error and find no merit in them. They are overruled.

Judgment of the trial court is affirmed.