560 P.2d 1283

Mark I. ESHELMAN, Appellant,

v.

Paul E. BLUBAUM, Sheriff of Maricopa County, Appellee.

No. 1 CA–CIV 3037.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 24, 1977.

Berry & Herrick, P. A. by Richard S. Berry, Tempe, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by Donald E. Dyekman, Phoenix, for appellee.

## OPINION

WREN, Judge.

This appeal concerns the question of whether a police officer may be ordered to

submit to a polygraph examination upon penalty of dismissal.

The appellant, Mark Eshelman, was dismissed from his position as a deputy in the Maricopa County Sheriff's Office on August 12, 1974 for Wilful Disobedience of an Order (Maricopa Co. Merit System Rule § 17(c)(14)) and Insubordination (Maricopa Co. Sheriff's Department Administrative Manual § 5.37(c)(4)). The act leading to dismissal was his refusal to submit to a polygraph examination. He thereafter sought review of the dismissal by the Maricopa County Employee Merit System Commission. Following a hearing, the Commission ordered that appellant be reinstated with back pay. The appellee, Paul Blubaum, then Sheriff of Maricopa County, appealed the Commission's decision to the Superior Court pursuant to A.R.S. § 12–901 et seq., the judicial review provisions of final administrative agency decisions. The Superior Court reversed the Commission's decision ordering reinstatement, and appellant filed this appeal. We affirm the decision of the Superior Court.

Appellant first urges that the Superior Court exceeded its scope of review, which is limited to a determination of whether the agency action was arbitrary, capricious or an abuse of discretion. He argues that the Superior Court judge substituted his judgment on the facts for that of the Commission.

■ Appellant is correct in stating that the scope of review of an administrative agency's findings of fact is limited to whether the findings were arbitrary, capricious, or showed an abuse of discretion. *Schade v. Arizona State Retirement System*, 109 Ariz. 396, 510 P.2d 42 (1973); *Arizona Board of Regents v. Superior Court*, 106 Ariz. 430, 477 P.2d 520 (1970); *Arizona Bd. of Osteopathic Exam. in Medicine and Surgery*, 20 Ariz.App. 535, 514 P.2d 288 (1973). However, the scope of review is different when the issue is an interpretation of law by the agency. In that situation, the trial court, as well as the appellate court, are free to draw their own legal

conclusions and determine whether the agency erred in its interpretation of the law. *Mountain States Tel. & Tel. Co. v. Sakrison*, 71 Ariz. 219, 225 P.2d 707 (1950); *Red Rover Copper Co. v. Industrial Commission*, 58 Ariz. 203, 118 P.2d 1102 (1941); see, *Arizona Department of Economic Security v. Lidback*, 26 Ariz.App. 143, 546 P.2d 1152 (1976).

The question of whether a police officer may be ordered to submit to a polygraph examination under penalty of dismissal for refusal during the course of departmental investigation is one of law. It is a question which has been considered by a number of jurisdictions. Pennsylvania and Connecticut have held that such an order cannot be enforced. *Stape v. Civil Service Comm'n. of City of Philadelphia*, 404 Pa. 354, 172 A.2d 161 (1961); *Molino v. Board of Public Safety of City of Torrington*, 154 Conn. 368, 225 A.2d 805 (1966). However, Illinois, Louisiana, California, Texas, Washington and New York have upheld this type of an order. *Coursey v. Board of Fire and Police Commissioners*, 90 Ill.App.2d 31, 234 N.E.2d 339 (1967); *Roux v. New Orleans Police Dept.*, 223 So.2d 905 (La.App.1969); *Frazee v. Civil Service Board of City of Oakland*, 170 Cal.App.2d 333, 338 P.2d 943 (1959); *Richardson v. City of Pasadena*, 500 S.W.2d 175 (Tex.Civ.App.1973); *Seattle Police Officer's Guild v. City of Seattle*, 80 Wash.2d 307, 494 P.2d 485 (1972); *Dolan v. Kelly*, 76 Misc.2d 151, 348 N.Y.S.2d 478 (1973).

■ We agree with the latter cited authorities that the compulsory use of the polygraph during departmental investigations is consistent with the maintenance of a police or sheriff's department that is of the highest integrity and beyond suspicion. See, *McCain v. Sheridan*, 160 Cal.App.2d 174, 324 P.2d 923 (1958); *Fichera v. State Personnel Board*, 217 Cal.App.2d 613, 32 Cal.Rptr. 159 (1963). The criteria for demanding such a test in the course of an internal investigation are that the officer must be informed (1) that the questions will relate specifically and narrowly to the performance of his official duties, (2) that the

answers cannot be used against him in any subsequent criminal prosecution, and (3) that the penalty for refusing is dismissal. *Seattle Police Officer's Guild v. City of Seattle*, supra; *Dolan v. Kelly*, supra. Because the answers cannot be used in any subsequent criminal prosecution, there is no infringement upon the Fifth Amendment right against compulsory self-incrimination. *See, Uniformed Sanitation Men Ass'n. v. Commissioner of Sanitation*, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968); *Garrity v. State of New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967); *Kammerer v. Board of Fire and Police Commission*, 44 Ill.2d 500, 256 N.E.2d 12 (1970).

Appellant, however, argues that the order here was improvident, premature and issued without advising him fully of his constitutional rights.

The facts leading to the order to take the polygraph test are not in dispute. Appellant Eshelman, as departmental armorer, had disassembled and salvaged parts from some guns in the custody of the Sheriff's office which were to be destroyed. He took the parts home due to his fear for their security at the Sheriff's Department facility where he worked. A significant number of the salvaged parts were unusable in the repair of the departmental weaponry or personally-owned weapons of members of the department.

An internal investigation concerning the weapon disassembly and salvaged parts was undertaken. Appellant answered all questions asked of him and signed a four-page written statement regarding the disassembly and salvage. He was then ordered to take a polygraph. He was properly informed that his refusal would result in dismissal, that the questions would relate solely to the matters covered in his statement, and that his answers could not be used against him in any subsequent criminal prosecution.

Appellant argues that because there was no conflict between his statement and any other information obtained in the course of the investigation, nor any allegations of wrongdoing, the order to take the polygraph was premature.

■■ During an internal investigation, an officer may refuse a polygraph and not be subject to dismissal if the order is shown to have been unreasonable, arbitrary, or capricious. *Richardson v. City of Pasadena*, supra; *Frazee v. Civil Service Board of City of Oakland*, supra. It is irrelevant that the officer is not suspected of possible criminal conduct. *Richardson v. City of Pasadena*, supra; *see Dieck v. Department of Police*, 266 So.2d 500 (La.App.1972).

■ The appellee testified that there was some concern about the authority to disassemble the parts in question and that appellant's credibility was in question. These are in our opinion, reasonable grounds to demand the polygraph to clear up the investigation. The Commission erred in finding that the polygraph was proper as a last resort only after all other avenues of investigation had been pursued. We hold that there is no such requirement and that a polygraph is always proper to verify statements made by law enforcement officers during the course of a departmental investigation as long as the officers are advised that the answers cannot be used against them in any criminal prosecution, that the questions will relate solely to the performance of official duties and that refusal will result in dismissal.

Appellant's contentions that the specific questions should have been presented to him and that he had a right to counsel for the taking of the polygraph are without merit.

Finally, appellant contends that despite the result reached by this Court or the lower court, he is entitled to back pay from the date he was dismissed until entry of the Superior Court's judgment reversing the Commission's decision. He bases this contention on the language of A.R.S. § 11–

356D[1] and the Maricopa Co. Merit System Rule 11.17.[2] His argument is that A.R.S. § 11–356D provides that the agency decision is a *final* decision and Rule 11.17 demands that the decision be implemented. However, both of these authorities specifically provide that the agency decision is subject to judicial review pursuant to A.R.S. § 12–901 et seq. A.R.S. § 12–902A provides that the scope of judicial review is over *final* decisions of an administrative agency. Moreover, A.R.S. § 12–911A authorizes the trial court to stay the decision of the agency pending final disposition of the case.

The only reasonable interpretation of A.R.S. § 11–356D and Rule 11.17 when read together with the judicial review provisions cited herein is that the trial court has the authority to stay the decision of the Merit System Commission. The use of the term *final* does not connote that a decision cannot be stayed but merely that the agency decision must be final before reviewable.

It was within the trial court's discretion under A.R.S. § 12–911A(1)[3] to deny appellant's motion for a restraining order to compel the appellee to implement the agency decision. In the context of this record, that denial in effect stayed the Commission's decision pending review. Appellant, therefore, is not entitled to any back pay.

The judgment is affirmed.

SCHROEDER, P. J., and EUBANK, J., concur.

1. A.R.S. § 11–356D:
   "D. The findings and decision of the commission shall be final, and shall be subject to administrative review as provided in title 12, chapter 7, article 6."
2. 11.17 COMPLIANCE OF APPOINTING AUTHORITY
   Within ten days of a decision by the Commission sustaining an appeal, the appointing authority of the employee shall take such measures as are necessary to comply with the remedial action directed by the Commission and shall render a report of such measures to the Director. The findings and decisions of the Commission shall be final and shall be subject only to administrative review as provided in A.R.S. §§ 12–901 through 914.
3. § 12–911. Powers of trial court
   A. The superior court may:
      1. With or without bond, unless required by the statute under authority of which the administrative decision was entered, and before or after answer, stay the decision in whole or in part pending final disposition of the case, after notice to the agency and for good cause shown.