SAMUEL, Judge. ■
Plaintiff, a classified employee of the City of New Orleans, filed this suit individually, as president of the Public Employees Association of New Orleans, Inc., and on behalf of all employees of the City of New Orleans similarly situated, to enjoin the City of New Orleans, its Mayor, Chief Administrative Officer, and Director of Finance from requiring that he and other city employees fill out a questionaire aimed at determining, among other things, whether they were employed in other occupations.
Defendants answered, admitting the allegation in which the facts of the case were pleaded. The matter was submitted to the court on the basis of those facts as alleged in the petition, together with testimony of Errol G. Williams, the defendant Director of Finance, which added little to the admitted facts.
The trial judge originally issued a temporary restraining order with respect to petitioner individually and the preliminary and permanent injunctions were tried together by stipulation. Following trial, there was judgment in favor of the defendant, dismissing plaintiff’s suit. Plaintiff has appealed.
The admitted facts are: On December 31, 1969 the Chief Administrative Officer of the City of New Orleans promulgated policy memorandum No. 23 which required all employees to submit a report concerning their outside employment. Since that date petitioner “has submitted a report, in compliance with the said policy memorandum number 23, copies of which are enclosed herewith, as Exhibits ‘B’ and ‘C’.” On January 23, 1979, petitioner received an interoffice memorandum stating he was not in compliance with memorandum No. 23, and he was threatened with disciplinary action by the Director of the Department of Finance if he did not comply.
In response to the request of plaintiff’s attorney, the city attorney’s office rendered an opinion concluding that memorandum No. 23 was legal and did not violate plain *539 tiff’s right to privacy or his right against self incrimination. On June 13,1979 and on June 15,1979 plaintiff received communications from the Director of the Department of Finance ordering him to complete the questionnaire and stating he would be suspended if he did not comply.
The questionnaires attached to the petition called for the nature of the employee’s outside employment, the hours devoted to that employment, the name of the outside employer, and the date of that original employment. As shown by the exhibits attached to plaintiff’s petition, he did not answer any of the questions propounded in the questionnaires; on the bottom of the questionnaires he simply stated: “I am not employed by any other municipality, state, or government. Title 14 Sect 137 La. Revised Statutes”. (LSA-R.S. 14:137 is the dual office holding statute.)
Errol G. Williams, Director of the Department of Finance, testified: His primary concern in having the questionnaire fully executed by his employees was to prevent possible conflicts of interest. The plaintiff in this case is charged with enforcing the sales tax ordinances of the City of New Orleans, and in that capacity is responsible for collecting taxes, serving warrants, and padlocking businesses. Because plaintiff has access to confidential city information, the questionnaire was pertinent in that he (Williams) could avoid sending plaintiff to one of his clients for enforcement action as that would create a conflict of interest. Additionally, he needed the information to avoid scheduling work for plaintiff which would conflict with his outside employment. Of 398 employees of the city Department of Finance, plaintiff was the only one who refused to fill out the questionnaire.
Plaintiff contends the questionnaire is an invasion of his right to privacy under Article 1, Section 5, of the Louisiana Constitution and that it deprives him of his right against self-incrimination under Article 1, Section 13, of the Constitution.
These constitutional provisions read as follows:
“Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.” La. Const. Art. 1, Sec. 5.
“Section 13. When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents.” La.Const. Art. 1, Sec. 13.
Defendants argue the questionnaire does not violate the plaintiff’s right against self-incrimination. In Garrity v. State of New Jersey,[1] the United States Supreme Court held that information obtained by a questionnaire under threat of disciplinary action cannot be used in a subsequent criminal proceeding, since such information is equivalent to a non-voluntary confession. Under the rationale of this decision, statements made in response to the questionnaire on penalty of petitioner losing his employment or undergoing other disciplinary action for not answering could not be *540 used against him in a prosecution under R.S. 14:137, the dual office holdings statute.
With regard to the infringement of plaintiff’s right to privacy, defendants refer to cases of this court which have upheld the dismissal of police officers (also classified employees) who have refused to submit to polygraph examinations administered regardless of whether they were suspected of criminal conduct.[2] Our reading of the questionnaire and the information called for in it does not indicate any greater invasion of petitioner’s privacy than the invasion of the privacy of the police officers dismissed for failure to submit to polygraphic examinations.
Plaintiff argues that while the courts are obliged to balance the need to promote and protect the integrity of public office holders with the need to preserve personal freedoms of the individual, the court should not uphold an overbroad intrusion into the personal rights of public employees. In so arguing, he cites the California case of Car-mel-by-the Sea v. Young,[3] which struck down what that court considered an overly broad statute which required almost every public official and his family to disclose the nature and extent of investments which were in excess of $10,000.
Plaintiff points out the California statute indiscriminately . covered persons holding public office without regard to the kind of activities performed by them. On this point, the California case is different from the one now before us. The City of New Orleans clearly has an interest in the nature of outside employment by public employees in order to avoid conflicts of interest and related problems, particularly in areas where the public treasury is involved. The California court acknowledged the public’s right to know matters which might cause a conflict between public employment and private financial interests constitutes an area in which a legislative body may legitimately exercise its powers. We conclude such an area also is legitimate for the proper exercise of the executive branch in order to protect the integrity of public office.
For the reasons assigned, the judgment appealed from is affirmed. Plaintiff is to pay all costs.

AFFIRMED.

. 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562.

. See Frey v. Department of Police, La.App., 288 So.2d 410; Dieck v. Department of Police, La.App., 266 So.2d 500; Clayton v. New Orleans Police Department, La.App., 236 So.2d 548; Roux v. New Orleans Police Department, 223 So.2d 905.

. 2 Cal.3d 259, 85 Cal.Rptr. 1, 466 P.2d 225.