In re David L. HARRIS, Dolores Harris, husband and wife, Debtors.

David L. Harris, Dolores Harris, husband and wife, Plaintiffs,

v.

United States of America and The State of Arizona, Defendants.

Bankruptcy No. 96–08787 PHX JMM. Adversary No. 97–517.

United States Bankruptcy Court, D. Arizona.

Nov. 3, 1998.

Tracy S. Essig, Lisa Perry Banen, Ass't. Attorney General, Phoenix, AZ, for Arizona Dept. of Revenue.

Eileen Hollowell, Mesch, Clark & Rothschild, P.C., Tucson, AZ, for Debtors.

### MEMORANDUM DECISION RE: MOTION FOR SUMMARY JUDGMENT

JAMES M. MARLAR, Bankruptcy Judge.

Two Motions for Summary Judgment have been filed and argued. The State of Arizona (ADOR) filed one such Motion, and the debtors filed the other. The state was represented at oral argument by Tracey S. Essig and Lisa Perry Banen; the debtors were represented by Eileen Hollowell. After considering oral argument, reviewing the law and the facts, the court now rules.

### JURISDICTION

This court has jurisdiction. 28 *U.S.C.* §§ 157; 1334. This is a core proceeding. 28 *U.S.C.* § 157(b)(2)(B); (I). Because neither side has raised a genuine question of material fact, and because the court finds none, the case can be disposed of by summary judgment.

### PROCEDURAL FACTS

1. The debtors filed a chapter 7 case on August 19, 1996.

2. On July 28, 1997, the debtors filed a Complaint against the ADOR and the Internal Revenue Service (IRS), seeking the discharge of income taxes for certain tax years. The debtors and the IRS apparently reached an accord, as the claims against the IRS were dismissed on April 13, 1998. (Dkt.13).

3. The State of Arizona (ADOR) had assessed taxes for the years 1977–1982 for $2,352,088.22, plus interest. (Complaint at para. 16).

4. The State answered, admitting that the taxes in question became due more than three (3) years before the filing of the bankruptcy petition, and further admitting that the reruns were filed more than two years before the filing. However, the State denies that the "assessment" was made more than 240 days prior to the filing. (Answer at para. 5).

5. On May 7, 1998, ADOR filed a Motion for Summary Judgment, a statement of facts, and an affidavit of John Reherman.

6. The debtor responded, attaching the affidavit of David L. Harris, and filed a cross-motion for summary judgment.

7. The state replied and responded.

8. The debtor replied on July 20, 1998.

9. Oral argument took place October 21, 1998.

## THE STATUTE

The statute at issue in this case is 11 *U.S.C.* § 523(a)(1)(A). It provides that a discharge does not apply to "a tax"

... of the kind and for the periods specified in section 507(a)(2) or 507(a)(8)....

The applicable section which concerns this case is 11 *U.S.C.* § 507(a)(8). That section provides, in pertinent part, that income taxes are priority claims if they are:

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions after three years before the date of the filing of the petition; [or]

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition ...

The parties have focused on subsection (ii) of § 507(a)(8). The critical issue in this case is when did the State make its "assessment?" The State contends that it assessed the debtors, for tax years 1977–'82, in the sum of $2,352,088.22, on January 17, 1996. This date was only 215 days before the filing of the debtors' petition on August 19, 1996. The debtors contend that the assessment date occurred earlier, on October 27, 1995—a period outside the protection of the 240–day period.

## THE ISSUE

After reviewing the parties' affidavits, contentions and legal authorities, the only issue in the case is whether, pursuant to Arizona statutory, regulatory or case law, a tax assessment becomes final when all times for appeal have been exhausted, which was no later than October 27, 1995, or when the Department issues its collection letter and begins collection proceedings. The latter date is January, 17, 1996.

The first date is outside of 240 filing days prior to bankruptcy; the second date is within 240 days. Thus, the legal decision of when the assessment becomes "final" will decide this case for one side or the other.

## UNDISPUTED FACTS

The parties have submitted this matter on undisputed facts. All agree that the facts are:

1. The debtors were Arizona residents for tax years 1977–'82.

2. They were required to file income tax returns and pay any taxes due thereon.

3. On October 18, 1993, ADOR issued "Notices of Proposed Assessment" to the debtors for tax years 1977–'82 in the amount of $2,352,088.22.

4. On November 3, 1993, this notice was timely protested by the debtors.

5. On September 18, 1995, after a hearing in which the debtors did not participate, a departmental hearing officer issued a "Decision" containing "Findings of Fact and Conclusions of Law," upholding the proposed assessments in favor of ADOR. The decision concluded by stating:

IT IS ORDERED that the assessments have become final and interest continues to accrue on unpaid taxes.

6. The debtors did not appeal the September 18, 1995 decision within the 30–day appeal period provided by *Ariz. Rev.Stat.* § 42–124(A).

7. The Decision was mailed to the debtors at 12077 E. Clinton Street, Scottsdale, Arizona 85259, presumably on the same day. Allowing five (5) days for receipt. *Ariz.R.Civ.P.* 6(e), the last day to appeal would have been, at the latest, October 27, 1995.

8. The period for appeal passed, and no appeal was filed by the debtors.

9. On January 17, 1996, by letter to the debtors, ADOR demanded payment.

10. The debtors filed chapter 7 proceedings on August 19, 1996.

## THE ASSESSMENT PROCESS

The process for assessing a tax against an individual is neither mystical, flexible nor cumbersome. An "assessment" occurs when a tax is determined and declared. *See, generally,* "State and Local Taxation," 72 AM-JUR.2d § 704 (1974). In Arizona, assessment of taxes, and the final establishment of the amounts owed, occurs in the following manner and order:

1. Once a taxpayer has filed a return, the department (department of revenue) prepares and mails to the taxpayer a "notice of ... additional tax due" on forms prescribed by the department, if it believes additional sums are due. *Ariz.Rev.Stat.* § 42–113(A);

2. This is called a "notice of a proposed deficiency assessment," and it is mailed to the taxpayer. *Ariz.Rev.Stat.* § 42–113(B)(8);

3. Generally, this notice must, with a few exceptions not applicable here, be mailed within four years after the return either is filed or is required to be filed. *Ariz.Rev.Stat.* § 42–113(A);

4. The proposed deficiency assessment "becomes final" with in either 45 or 90 days from mailing, "unless an appeal is taken to the department." *Ariz.Rev. Stat.* § 42–117(B);

5. If no appeal is taken, the "deficiency [is] assessed" and a "notice and demand ... for ... payment" is mailed to the taxpayer. *Ariz.Rev.Stat.* § 42–117(C);

6. The department's certificate of mailing "is *prima facie* evidence of the assessment of the deficiency and the giving of the notices." *Ariz.Rev.Stat.* § 42–117(D);

7. After receipt of a "proposed assessment," a taxpayer has between 45–90 days, depending upon the type of tax, to apply for a "hearing, correction or redetermination of the action taken by the department." *Ariz.Rev.Stat.* § 42–122(A).

8. If the hearing is not requested, "the amount determined to be due *becomes final* at the expiration of the period."

*Ariz.Rev.Stat.* § 42–122(B) (emphasis added);

9. If a request for hearing is made and a hearing, held, "all orders or decisions" issuing therefrom *"become final"* 30 days later, unless the taxpayer appeals to the state board. *Ariz.Rev.Stat.* § 42–122(C) (emphasis added).

10. The appeal to the state board *"becomes final"* after 30 days, unless an appeal is timely made to the Superior Court. *Ariz.Rev.Stat.* § 42–124(A) (emphasis added).

The exhibits attached to the parties' moving papers indicate that the State issued a "deficiency assessment" or "proposed assessment" and the debtors filed an appeal or request for a hearing (See, Ex. "B," "C" to affidavit of David L. Harris). An undated notice was sent to the debtors, by the state, explaining (underlined or in bold letters no fewer than five times) that a "Final Order" of the hearing officer's decision was imminent "unless an appeal is filed".... (Ex. F. to affidavit of David L. Harris). The hearing officer's decision was entered September 18, 1995 (Ex. "D" to State's Motion), which noted and ordered "that the assessments have become final and interest continues to accrue on unpaid taxes." (Ex. "D").

In an effort to enforce collection, a notice was sent to the debtors on January 17, 1996, explaining that the "above audit assessment has become final and is now due." (Ex. "E").

## DISCUSSION

 Decisions from administrative proceedings become final when further administrative appeals are either fully exhausted or, if administrative review is sought in the courts, when the Superior Court and the Arizona appellate courts have issued final judgments thereon.

 So long as a party has not completed the administrative process, a decision of an administrative body is not considered "final" for purposes of maintaining an administrative review action in the Superior Court. *Ariz. Rev.Stat.* § 12–905(B). Here, the debtors had one more step left to them in the administrative proceedings, an appeal to the "state

board." *Ariz.Rev.Stat.* § 42–124(A). The "state board" means "the state board of tax appeals." *Ariz.Rev .Stat.* § 42–101(1).

■ However, the debtors elected not to appeal further, and therefore lost their rights to continue their grievance before the state board and on to the Arizona Superior Court. A party which fails to exhaust his administrative remedies has no right to hopscotch his case to the Superior Court. *Roer v. Superior Court In and For Coconino County,* 4 Ariz.App. 46, 417 P.2d 559 (1966). Administrative remedies must be exhausted before judicial relief can be sought. *Hinz v. City of Phoenix,* 118 Ariz. 161, 575 P.2d 360 (App. 1978).

Just as judicial review of a state board decision cannot be maintained if it is not brought within 30 days of the state board's decision, *Ariz.Rev.Stat.* § 42–124(B)(2), neither can a debtor continue contesting the decision from an earlier proceeding if he fails to press to the next level within the time permitted by statute. In this case, the time permitted for appeal of the September 18, 1995 Decision was 30 days, plus five (5) for mailing. *Ariz.Rev.Stat.* § 42–124(A); *Ariz. R.Civ.P.* 6(e). Because the debtors failed to do so, they are bound by the September 18, 1995 decision. The review statute, *Ariz.Rev. Stat.* § 42–124(A) clearly discusses issues of "finality:"

A. A person aggrieved by a *final decision or order of the department* under this article may appeal to the state board by filing a notice of appeal in writing within thirty days after the receipt of the decision or order from which the appeal is taken. The board shall take testimony and examine documentary evidence as necessary to determine the appeal, all pursuant to administrative rules to govern such appeals. On determining the appeal the board shall issue a decision consistent with its determination. *The board's decision is final on the expiration of thirty days from the date when notice of its action is received by the taxpayer,* unless either the department or the taxpayer brings an action in superior court as provided in subsection B. (emphasis added).

A "final decision" includes within its definition a decision from which no appeal or writ of error can be taken; it is conclusive of the issues decided. *U.S. ex rel. Fink v. Tod,* 1 F.2d 246, 251 (2d Cir.1924), *rev'd on different grounds,* 267 U.S. 571, 45 S.Ct. 227, 69 L.Ed. 793 (1925); BLACK'S LAW DICTIONARY, "Final Decision or Judgment" (6th ed.1990). "Finality," an extremely important concept of law, includes within its family the doctrines of *res judicata* and collateral estoppel, principles which serve to limit the number of times that a party can be vexed by the same claim or issue, and which promote efficiency in the judicial system by putting an end to litigation. *Gilbert v. Ben–Asher,* 900 F.2d 1407, *cert. den.* 498 U.S. 865, 111 S.Ct. 177, 112 L.Ed.2d 141 (U.S.Ariz.1990); *see also, Ariz. Rev.Stat.* 42–122(B) and (C) (failure to request a hearing after receipt of a "proposed assessment" causes the amount to become "final").

■ The finality inherent in the assessment process is statutorily mandated, above all, by the consistent use of the words "final," modifying the word "decision" in *Ariz.Rev. Stat.* § 42–124(A); *see also,* Administrative Review Act, *Ariz.Rev.Stat.* §§ 12–901(2); 12–902(A) and (B). In fact, the Administrative Review Act leaves no doubt as to the effect of an administrative decision which was not timely appealed to the next level:

If under the terms of the law governing procedure before an agency *an administrative decision has become final* because of failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law, the decision shall not be subject to judicial review under the provisions of this article except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter. (emphasis supplied).

*Ariz.Rev.Stat.* § 12–902(B); *see also, Woerth v. City of Flagstaff,* 167 Ariz. 412, 808 P.2d 297, review denied (App.1990); *Eshelman v. Blubaum,* 114 Ariz. 376, 560 P.2d 1283 (App. 1977). When the state legislature enacts a statute, a court is required to interpret the legislature's intent by giving the statute

"such an effect that no clause, sentence or word is rendered superfluous, void, contradictory or insignificant." *Marlar v. State*, 136 Ariz. 404, 410–411, 666 P.2d 504 (App. Div.11983). The plain meaning of the word "final" means final.

Therefore, from the law cited above, it is clear that the ADOR's "proposed assessment" of the taxes at issue in this case became final, and subject to no further controversy, when the debtors failed to appeal the ruling against them by October 27, 1995.

One further comment is in order. The State's argument that "final assessment" is made only when demand for payment is made is inconsistent with both the applicable statutes and the critical concept of establishing "finality." The sending of collection letters, or the commencement of enforcement proceedings, are not subject to strict statutory time lines. When, or even if to commence collection activity remains a discretionary administrative function within the agency (ADOR). Because the collection arm of the taxing agency can function as quickly or slowly, or indeed if ever, as it desires, that action does not, as a matter of law, determine the finality date of when an "assessment" is made. To so hold would turn the legislature's desire for establishing the finality of a tax liability on its head. The State's argument to the contrary is therefore rejected. In fact, the statute itself belies the State's argument. It clearly requires that collection activity begins only *after* an assessment becomes final:

> C. *If* a deficiency *is determined and* the assessment becomes *final,* the department shall mail notice and demand to the taxpayer for the payment of the deficiency. The deficiency assessed is due and payable at the expiration of ten days from the date of the notice and demand.

*Ariz.Rev.Stat.* § 42–117(C) (emphasis supplied). Clearly, by the language of the statute itself, collection and assessment are mutually exclusive concepts, with a final determination of assessment coming first, followed, at a later time, by collection.

## CONCLUSIONS OF LAW

1. The State's assessment of taxes for the years 1977–'82 became final upon expiration of the 30–day appeal time from the State's September 18, 1995 decision, plus five (5) days for mailing;

2. The State's proposed assessments, after October 27, 1995, became final assessments beyond which the debtors could not appeal further;

3. Any act of enforcement or the commencement of collection activity by the State does not expand the definition of finality beyond October 27, 1995. Collection activity is immaterial to the establishment of the legal finality of the assessment;

4. The debtors' bankruptcy filing was more than 240 days after the final assessment was made;

5. The taxes for years 1977–'82, in the amount of $2,352,088.22, are discharged by the bankruptcy of the debtors. 11 *U.S.C.* §§ 523(a)(1); 507(a)(8)(A)(ii).

## RULING

This matter having been submitted on undisputed facts, and the court having granted debtors' Motion for Summary Judgment and denied the State of Arizona's Motion for Summary Judgment,

IT IS ORDERED that debtors' counsel lodge a proposed form of Judgment within 20 days.