SWOLSKY ENTERPRISES, D.B.A. KING LIQUIDATORS, APPELLANT, v. HALTERMAN ET AL., APPELLEES.

(No. L-83-111—Decided May 27, 1983.)

*Mr. Michael D. Dorf,* for appellant.
*Mr. Jerry Jewett,* for appellees.

DOUGLAS, J. This case comes before this court on appeal from judgment of the Lucas County Court of Common Pleas.

This case involves a claim for unemployment compensation which arose as a result of the following circumstances. Claimant-appellee Randy J. Halterman was employed as a stock boy by appellant, Swolsky Enterprises, d.b.a. King Liquidators, an operator of discount retail outlets. Prior to hiring the claimant, appellant required the claimant to sign a standard company contract in which claimant agreed to "* * * voluntarily submit to a polygraph test if circumstances should arise which, in the opinion of the management of King Liquidators, justifies such a test."

Approximately two years later, appellant, having experienced unusually high inventory shortages, asked its employees to submit to polygraphic examinations. The claimant did submit to an examination at that time. Several months later, however, the claimant refused to take a second polygraphic examination when requested to do so. The claimant's employment with appellant was thereafter terminated.

The claimant then filed an application for benefits with the Ohio Bureau of Employment Services. The administrator determined, initially and upon reconsideration, that the claimant was discharged without just cause and allowed the claim. That determination was subsequently upheld by the Board of Review and the Lucas County Court of Common Pleas.

Appellant thereafter timely brought this appeal, presenting the following designated argument, which we shall consider as appellant's assignment of error (but see App. R. 16[A][2] and 12[A] ):

"The bureau's policy referred to in the administrator's reconsideration decision (Exhibit D) and the decision from the Lucas County Common Pleas Court (Exhibit I) to the effect that refusal to take a polygraph test cannot render an employee ineligible for benefits is unreasonable, arbitrary, capricious, and is against both public policy and the law of this jurisdiction."

Our review of the record and the parties' arguments discloses that the bureau's determination of the claim in this case was based upon its policy that an employee's refusal to submit to a polygraphic examination does not constitute just cause for discharge.

In *Charles Livingston & Sons, Inc.* v. *Constance* (1961), 115 Ohio App. 437 [21 O.O.2d 65], the Court of Appeals for Mahoning County affirmed this policy, holding in the syllabus as follows:

"Where an employer store suffers severe inventory shortages and, after numerous efforts to reduce such shortages and suspecting thefts by employees, insists that all employees take a carefully regulated lie-detector test, and several employees refuse to take the test and as a result either quit or are discharged, a decision by the Unemployment Compensation Board of Review allowing unemployment compensation to such employees is not 'unlawful, unreasonable, or against the manifest weight of the

evidence,' within the meaning of Section 4141.28(N), Revised Code."

Upon consideration of the facts and circumstances in the *Livingston* case, we find it to be distinguishable from the case *sub judice* for the reason that no pre-employment contract, consenting to polygraphic examination, was involved. In the case *sub judice,* however, the claimant signed a pre-employment agreement, consenting to polygraphic examination when deemed necessary by appellant. Having so agreed, the claimant breached a contractual condition of his employment by refusing to submit to a polygraphic examination.

Considering the foregoing, we find appellant's assignment of error well-taken and hold that where an employee has agreed, prior to his employment, to submit to a polygraphic examination regarding his employment, at the employer's request, a refusal to take the examination, upon request, constitutes just cause for discharge for the purposes of determining the employee's benefit rights pursuant to R.C. 4141.29(D)(2)(a). Cf. *Valley Vendors, Inc.* v. *Jamieson* (Ariz. App. 1981), 630 P. 2d 61; *Sioux City* v. *Fairbanks* (Iowa 1980), 287 N.W. 2d 579; *Everitt Lumber Co., Inc.* v. *Indus. Comm.* (Colo. App. 1977), 565 P. 2d 967; *Swope* v. *Indus. Comm.* (Fla. App. 1963), 159 So. 2d 653, wherein pre-employment contracts were not in issue. Further, consider *Eshelman* v. *Blubaum* (Ariz. App. 1977), 560 P. 2d 1283, authorizing the use of polygraphic examinations without pre-employment notification in a limited security situation of police departments.

On consideration whereof, the court finds the determination of the Ohio Bureau of Employment Services, allowing the claimant's application for benefits, to have been unreasonable, arbitrary and capricious. The judgment of the Lucas County Court of Common Pleas, affirming the bureau's decision, is reversed.

Coming now, pursuant to App. R.12(B), to enter the judgment that the court of common pleas should have rendered, it is, hereby, ordered, adjudged, and decreed that the claimant, having been discharged for just cause, is not entitled to unemployment compensation.

This cause is remanded to the Lucas County Court of Common Pleas for execution of the judgment rendered herein and assessment of costs. Costs to appellees.

*Judgment reversed and cause remanded.*

HANDWORK and RESNICK, JJ., concur.