526 So.2d 91 (1987)
Peggy VAUGHAN, Appellant,
v.
SHOP & GO, INC., d/b/a Circle K Corporation and Unemployment Appeals Commission, Appellees.
No. 4-86-2148.
District Court of Appeal of Florida, Fourth District.
November 25, 1987.
Isidro Garcia of Florida Rural Legal Services, Inc., Belle Glade, for appellant.
William T. Moore of Unemployment Appeals Com'n, Tallahassee, for appellee-Unemployment Appeals Com'n.

ON MOTION FOR REHEARING
DELL, Judge.
We deny appellant's motion for rehearing. However, we withdraw our opinion of October 7, 1987 and substitute the following:
Appellant seeks review of an order of the Unemployment Compensation Appeals Commission (Commission) that denied her claim for unemployment compensation benefits because she refused to take a polygraph examination after having agreed to take such an examination as a condition of employment. We affirm.
This case comes to us for a second time as a result of the Commission's denial of appellant's claim for unemployment compensation benefits. In Vaughn v. Florida Unemployment Appeals Commission, 482 So.2d 593 (Fla. 4th DCA 1986) (Vaughn I), this court reversed the Commission's denial of appellant's claim for unemployment compensation benefits and remanded the cause to the Commission for further proceedings not inconsistent with the opinion. In Vaughn I, we held:
In this case, as in Swope [v. Florida Industrial Commission Unemployment Compensation Board of Review, 159 So.2d 653 (Fla. 3d DCA 1963)], there was no pre-employment requirement to submit to polygraph examinations. Furthermore, the record does not reflect that *92 there was an announced rule which made such tests a condition of continued employment. The fact that appellant voluntarily submitted to prior polygraph examinations does not create an implied condition of employment. Thus, we hold that appellant's refusal to take a polygraph examination does not constitute misconduct. See generally Douthitt v. Kentucky Unemployment Insurance Commission, 676 S.W.2d 472 (Ky.App. 1984); Valley Vendors, Inc. v. Jamieson, 129 Ariz. 238, 630 P.2d 61 (Ct.App. 1981).
Id. at 594.
On remand the Commission entered an order granting the employer a second hearing and stated:
The claimant was initially determined disqualified from receiving benefits. The claimant timely appealed the determination and requested a hearing before an appeals referee. Prior to the scheduled date of the hearing, the employer requested a continuance. The appeals referee acknowledged the request and noted that the employer had good cause for the continuance. The referee advised the employer that the referee would proceed with the hearing in the employer's absence but would not render a decision adverse to the employer's interest without first giving the employer an opportunity to appear and present evidence. After taking the claimant's evidence, the referee rendered a decision favorable to the employer. That decision was affirmed by the Commission. Since the [Fourth District] Court has reversed the order on appeal, due process requires that the employer be afforded an opportunity to appear and be heard. Consequently, the cause is remanded to the referee for the purpose of conducting further proceedings, at the conclusion of which he shall render a decision on the merits.
This court, by order, denied a petition for writ of prohibition filed by the appellant to prevent the rehearing.
Briefly stated, appellant managed a convenience store called Shop & Go, Inc. As part of her application for employment she signed an agreement that provided in pertinent part:
A part of the investigative process with respect to new employees consists of any and all scientific evaluation tests. All prospective employees are required to participate in such a test prior to employment.
After employment, there is no further requirement of scientific evaluation testing, except in the event of excessive shortage as outlined below.
When a store is short an excessive amount on an inventory, all employees of that store will be requested to submit to a polygraph examination. The polygraph test will be confined specifically to inventory and cash shortages.
Appellant submitted to several polygraph examinations during the course of her employment. However, in 1984, after noting an inventory shortage, the employer again requested that appellant submit to a polygraph examination. When she refused to take the examination, the employer fired her. Appellant testified that she refused the examination because another employee who had quit, was not required to take the examination. We find no merit in this argument. However, we note that while the agreement states "all employees of the store will be requested to take a polygraph examination," it does not expressly provide that they will submit to the examination. We have considered the agreement as a whole and we are satisfied that the record supports the Commission's conclusion that appellant, by signing the agreement, agreed to take a polygraph examination in the event of an excessive shortage of inventory.
The question before us materially differs from that considered by the panel in Vaughn I. Here, the record contains evidence of a pre-employment agreement to submit to a polygraph examination. This appeal presents the question of whether an employee who refuses to take a polygraph examination, after having agreed to submit to such an examination as a condition of employment, is guilty of misconduct as defined by the Unemployment Compensation Law.
In Swope v. Florida Industrial Commission Unemployment Compensation *93 Board of Review, 159 So.2d 653 (Fla. 3d DCA 1963) (cited with approval in Vaughn I), the court held that an employee's refusal to take a polygraph examination did not constitute misconduct within the meaning of the statute. We pointed out in Vaughn I that the court in Swope noted that:
[a] different case would be made out for such refusal by one who entered the employment after the rule for lie detector tests was in effect and with knowledge that it was a condition of employment or continued employment... .
159 So.2d at 654.
Appellant has cited numerous cases from other jurisdictions in support of her contention that refusal to take a polygraph examination does not constitute misconduct. However, each of the cases may be distinguished from the case sub judice.
In Douthitt v. Kentucky Unemployment Insurance Commission, 676 S.W.2d 472 (Ky.App. 1984), the court concluded that since the failure to pass a polygraph examination would not be sufficient, standing alone, to deprive an employee of unemployment compensation benefits, that a refusal to comply with an agreement to submit to such an examination would not constitute misconduct.[1] In Everitt Lumber Co. v. Industrial Comm., 39 Colo. App. 336, 565 P.2d 967 (1977), the claimants were required, at the time of the polygraph examinations, to sign a waiver of their Fifth Amendment rights against self-incrimination. This case, however, did not turn on the question of prior consent to take a polygraph test. The decisions in Valley Vendors, Inc. v. Jamieson, 129 Ariz. 238, 630 P.2d 61 (App. 1981), City of Dallas v. Texas Employment Comm., 626 S.W.2d 549 (Tex. App. 1981), and Charles Livingston and Sons, Inc. v. Constance, 115 Ohio App. 437, 185 N.E.2d 655 (1961), did not involve pre-employment agreements to submit to a polygraph examination as a condition of employment.[2] Finally, in Farmer v. City of Fort Lauderdale, 427 So.2d 187 (Fla. 1983), the court discussed the propriety of conducting polygraph examinations on public officials, however the case did not involve a preemployment agreement to take such an examination.
We believe this matter is more closely analogous to the decision in Swolsky Enterprises v. Halterman, 12 Ohio App.3d 23, 465 N.E.2d 894 (1983).[3] Therein an employee's refusal to take a polygraph when a pre-employment agreement to do so exists was held to constitute just cause for discharge and denial of unemployment compensation benefits. In reaching its holding the court distinguished Charles Livingston and Sons, Inc. v. Constance, 115 Ohio App. 437, 185 N.E.2d 655, and concluded:
Upon consideration of the facts and circumstances in the Livingston case, we find it to be distinguishable from the case sub judice for the reason that no pre-employment contract, consenting to polygraphic examination, was involved. In the case sub judice, however, the claimant signed a pre-employment agreement, consenting to polygraphic examination when deemed necessary by appellant. Having so agreed, the claimant breached a contractual condition of his employment by refusing to submit to a polygraphic examination.
Considering the foregoing, we find appellant's assignment of error well-taken and hold that where an employee has agreed, prior to his employment, to submit to a polygraphic examination regarding his employment, at the employer's request, a refusal to take the examination, upon request, constitutes just cause *94 for discharge for the purposes of determining the employee's benefit rights pursuant to R.C. 4141.29(D)(2)(a).
465 N.E.2d at 895.
We recognize that as a matter of general policy, the Unemployment Compensation Law should be liberally construed in favor of the claimant for benefits. See § 443.031, Fla. Stat. (1981); City of Fort Lauderdale v. Fowler, 355 So.2d 159 (Fla. 4th DCA 1978). However, our review of the record satisfies us that it supports the Commission's denial of compensation benefits based upon appellant's refusal to comply with her pre-employment agreement to submit to a polygraph examination. Therefore we hold, as the court did in Swolsky, that such a refusal constituted a breach of a contractual condition of appellant's employment and constituted misconduct thereby disqualifying her for unemployment compensation benefits.
Accordingly, we affirm the decision of the Unemployment Compensation Appeals Commission.
AFFIRMED.
ANSTEAD and WALDEN, JJ., concur.
NOTES
[1] We do not consider the question of whether the results of a polygraph examination would provide sufficient grounds for discharge and denial of unemployment compensation benefits a determinative factor in this appeal.
[2] Valley Vendors dealt with a pre-employment polygraph examination as a means to verify the information given in the job application form.
[3] Note also, the unreported decision of the Tennessee Court of Appeals in Salstead v. Kelly, Comm. of Dept. of Employment Security, et al., (Ct.App.Tenn.Western Sec., filed April 24, 1987) [available on WESTLAW, 1987 WL 9726]; cert. den., (Sup.Ct.Tenn., filed June 1, 1987), wherein the court concluded that an employee who refused to take a polygraph test after having signed a pre-employment agreement to do so was guilty of misconduct sufficient to justify the denial of unemployment compensation benefits.