OPINION
On January 28, 1998, appellant, Theodore Custer, was injured when the vehicle he was driving flipped over. Appellant was driving on I-70 east in the left lane of travel. Appellant claimed a semi-tractor trailer rig being driven in the right lane by appellee, Michael Beckett, moved over into his lane and cut him off. On February 25, 1998, appellant filed a complaint against appellee and appellee's employer, Lexington Cartage Co., alleging appellee negligently changed lanes without safety. On March 30, 1998, appellees answered and asserted the affirmative defense of comparative negligence. A jury trial commenced on March 8, 1999. The jury found in favor of appellees. On March 22, 1999, appellant filed a motion for new trial. By judgment entry filed April 5, 1999, the trial court denied said motion. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN INSTRUCTING ON THE ISSUE OF FAILURE TO CONTROL.
 II THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN INSTRUCTING ON THE ISSUE OF COMPARATIVE NEGLIGENCE.
 III THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF IN ALLOWING THE DEFENDANT TO TESTIFY AT LENGTH ABOUT HIS SAFE DRIVING AWARDS AND GOOD DRIVING CERTIFICATES FROM HIS EMPLOYER.
 IV THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT NEW TRIAL.
 I, II
Appellant claims the trial court erred in giving jury instructions on failure to control and comparative negligence. We disagree. The trial court has discretionary authority in its duty to instruct on the law as it pertains to the case. State v. Nelson (1973),36 Ohio St.2d 79. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The trial court instructed the jury in pertinent part as follows: The defendants, on the other hand, have denied that they were negligent and further assert that if they are found to be negligent in the operation of the motor vehicle on January 28, 1998 then the plaintiff, Theodore A. Custer, was also negligent in the operation of his own motor vehicle and that the negligence of the plaintiff in the operation of his motor vehicle was greater than that of the defendant in the operation of the motor vehicle.
* * *
In determining whether ordinary care was used, you will consider whether either party ought to have foreseen under the circumstances that the natural and probable result of an act or failure to act would cause some injury or damage.
* * *
If either party, by the use of ordinary care, should have foreseen some injury or damage and should not have acted, or if they did act, should have taken precautions to avoid the result, then the performance of the act or failure to take such precautions is negligence.
* * *
In their defense, the defendants claim that they were not negligent but, if found to be negligent, they claim that the plaintiff was also negligent.
* * *
The driver of a vehicle must drive, as nearly as he can, entirely within a single lane of traffic and must not move from such lane until he has first made certain that such movement can be made with safety. Failure to drive in a marked lane constitutes negligence.
A driver of a motor vehicle must be in reasonable control of his vehicle at all times. * * * Failure to control a vehicle constitutes negligence unless that negligence is excused because of acts of other parties. If you find that the defendant changed lanes without safety and interfered with the plaintiff's right of way causing the plaintiff to lose control of his vehicle, then the plaintiff cannot be found negligent for failure to control his vehicle.
Jury Instructions at 4-5 and 9-10, respectively, attached to Transcript, Vol. III.
Appellant claims the instructions created "hopeless confusion" because no facts were presented to support the complained of instructions. The entire case centered on a "no contact" claim of negligence against appellee for changing lanes causing appellant to swerve, lose control and sustain injury. T. at 7, 376. Appellant's counsel artfully argued the following: So what we have here is a situation where if you believe Mr. Flanders, the truck driver from Arctic, that he saw this large semi-tractor/trailer go into the left lane of travel, immediately heard squealing tires and then came into the right lane of travel so he knew that this other truck was in the left lane of travel.
And if you believe that that is physically what happened, than as a matter of law, the defendant is a hundred percent responsible for entering this other lane and violating Mr. Custer's right-of-way. Mr. Custer was proceeding lawfully at or below the posted speed limit and, therefore, if you believe Mr. Flanders, your verdict should be, we find the defendant negligent, we find him a hundred percent negligent and we find that Mr. Custer, at the moment this truck entered his lane of travel was proceeding lawfully, not — had the right-of-way and that Mr. Custer is zero percent responsible for this collision.
T. at 376-377
This case centered on whom to believe. Appellee observed a semi-tractor trailer rig being driven by Bobby Flanders on the entrance ramp attempting to enter the highway. Appellee testified he was aware of traffic to his left and knew he could not move over. T. at 329, 334. In order to make room for Mr. Flanders, appellee "placed my vehicle over to the centerline to give him as much room as possible * * * in that 20 foot area." T. at 331. The entering tractor trailer rig had to pull in behind appellee or run off onto the gravel berm. T. at 333. Appellee directly denied crossing the centerline and testified he could not move over into the left lane of travel because "there was traffic there." T. at 335-336. Appellee opined that if he had been in the left lane of travel, he would have hit appellant. T. at 337. Appellant testified to the following: A. I was passing this tractor and trailer, 18-wheeler, and I was in this lane and it seemed like all at once he started cutting over and I said, oh, man, he's coming over in my lane.
Well, I didn't think it was completely going to come in my lane, so I moved over a little bit and then I said, no, he's coming in my lane, he's coming in my lane. That's when I hit the brakes real hard. And what happened, was the truck started hauling back and forth like this. And you know, I am trying to keep control of the truck and everything. And finally, you know, it stopped, like suddenly, it stopped.
And here I am on an angle and here's this back tires coming like this and if you could see, I was like this. His back tires went overtop of my hood and probably killed me because that's what I thought it was going to do which he was going to come right overtop that hood and wipe me out.
Q. What did you do?
A. This time I really slammed on the brakes as much as I could and I kind of weaved again like that and I went over in the lane and I flipped over on my side. I spun around, back into my lane. This is the way I perceived it. And I was upside down on the side sliding for a period of time.
But what I was saying, this happened so fast, I mean, it was like a split second. If you ever was close to an accident or thought somebody was going to kill you, it's boom, boom and it's over.
T. at 145-146.
The investigating officer, Trooper J.T. Conomy, testified appellant lost control of his vehicle. T. at 62. If appellee was never in the left lane of travel as he stated, then appellant's own actions constituted failure to control therefore, failure to control and comparative negligence were appropriate jury instructions. The direct evidence by appellee that he never changed lanes was sufficient to warrant the complained of instructions. The trial court did not err in so charging the jury. Assignments of Error I and II are denied.
 III
Appellant claims the trial court erred in permitting testimony of appellee's safe driving awards. Appellant claims said evidence was not relevant and was highly prejudicial. We disagree. The trial court is given broad discretion in determining the admissibility of evidence. State v. Sage (1987), 31 Ohio St.3d 173; Blakemore. Appellees suggest appellant did not preserve this error for review. Prior to the introduction of the complained of evidence, there was a lengthy discussion covering some twenty-seven pages about appellee's training and work history. The first complained of question posed was "Do you currently or are you — have you, since you obtained your CDL, instructed or taught other drivers in the program required to obtain their commercial driver's license?" T. at 309. Appellee answered in the affirmative and appellant objected. Id. Two pages later, appellee was asked "Have you ever received any award or accommodations from your employment?" T. at 311. Again, appellee answered in the affirmative and appellant objected and requested a continuing objection. Id. Thereafter, appellee was asked "Have you received any other awards or recognition through your employer?" T. at 312. After appellee answered, appellant objected and approached the bench. T. at 312-313. Thereafter, appellant withdrew his objection. T. at 313. Later, while still on direct, appellee testified to receiving safe driver awards in 1996, 1997 and 1998. T. at 324. No objection was made. Clearly appellant has preserved his objections to appellee's teaching and his initial award for safe driving. By withdrawing his objection, appellant assented to the testimony concerning the three safe driving awards. These awards indicated appellee did not have any tickets or accidents in said years but did not relate to disciplinary matters concerning hours on the road violations. T. at 312-313. On cross-examination, appellant questioned appellee on the inaccuracies in his log book. T. at 34, 342. Appellant argues driving records are inadmissible under Evid.R. 404, 608 and 609. Appellant further argues all evidence must be relevant. Relevant evidence is defined in Evid.R. 401 as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Apart from appellee's work tenure and training, safe driving awards are not relevant to prove a fact in question. The trial court should have sustained the objection. Having so concluded, we must examine whether the error was harmless under Civ.R. 61 which states as follows: No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
Appellant had withdrawn his objection and permitted further testimony on safe driving awards thereby diminishing any prejudicial effect of the testimony. A great deal of the testimony on credibility centered on the inaccuracies in appellee's log book and in particular, on the date in question. Based upon the withdrawal of the objection which permitted further testimony, the very little time devoted to the testimony (some four pages out of three hundred and fifty pages of testimony), and the cross-examination on similar issues, we find said error to be harmless. Assignment of Error III is denied.
 IV
Appellant claims the jury verdict was against the manifest weight of the evidence. We disagree. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279. An appellate court must not substitute its judgment for that of the trial court where there exists some competent, credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610. Furthermore, issues of credibility of testimony and the resolution between diverse testimony is within the province of the fact finder. Brown v. Brockmeyer Co. v. Roach (1947), 148 Ohio St. 511; Charles Livingston Sons, Inc. v. Constance (1965), 115 Ohio App. 437. As noted in Assignments of Error I and II, this was a "no contact" case where appellee denied changing lanes and appellant claimed the only reason he swerved, braked and lost control was because appellee moved into his lane. There were three witnesses to the events on the highway that day, appellant, appellee and Bobby Flanders, the driver of the semi-tractor trailer rig entering the highway that appellee was attempting to accommodate. Mr. Flanders testified his perception of the events was done by "99.99% of the time" looking into his side mirrors. Flanders depo. at 4. Mr. Flanders testified appellee was in the right lane and appellant was beginning to pass appellee when "all of a sudden, I seen the Lexington Cartage 18-wheeler about halfway past me get in the left lane." Id. at 6. As noted supra, appellant testified appellee was moving over into his lane. T. at 145-146. Appellee maintains he moved to the centerline but never moved into appellant's lane. T. at 331. Trooper Conomy was not an actual witness to the events, but based upon the statements of the witnesses opined the "no contact" accident was caused by appellee's movement into the left lane. T. at 57. Trooper Conomy admitted his opinion was based solely on the statements made by the three witnesses. T. at 69. The witnesses' two versions of the accident testified to were consistent with the versions given at the scene. T. at 62. There was no physical evidence at the scene to substantiate that appellee moved from one lane to another. T. at 65. There was physical evidence of skid marks left by appellant's vehicle as he braked, swerved, went off the road and returned to the highway. T. at 66-67. Appellant explained after he applied his brakes his vehicle started moving back and forth and the following occurred: A. He regained control of the truck at that point and then when I regained control, I was looking on an angle at his tires coming overtop of my hood or proceeding overtop of my hood and I says, he's going to kill me, and that's when I slammed on the brakes super hard. And that's when he just barely passed me, I went over in his lane, flipped over and spun around and went back down.
T. at 270. All this took place in about three to four seconds. T. at 273. At the time of appellee's movement, appellant claimed he was right behind the cab of appellee's semi-tractor trailer rig. T. at 266-267. Based upon the evidence presented and mindful that credibility issues are within the province of the trier of facts, we find there was sufficient evidence to substantiate the finding that appellee did not move into appellant's lane of travel. If appellant was at the rear cab portion of appellee's semi-tractor trailer rig, any movement of the semi-tractor trailer rig into the left lane of travel (assuming the front advanced first) would have resulted in contact. Assignment of Error IV is denied.
The judgment of the court of Common Pleas of Licking County, Ohio is hereby affirmed.
By FARMER, J. HOFFMAN, P.J. and EDWARDS, J. concur.