159 So.2d 653 (1963)
Clara B. SWOPE, Petitioner,
v.
FLORIDA INDUSTRIAL COMMISSION UNEMPLOYMENT COMPENSATION BOARD OF REVIEW and Jackson's-Byron Department Store, Respondents.
Lucille ASH, Petitioner,
v.
FLORIDA INDUSTRIAL COMMISSION UNEMPLOYMENT COMPENSATION BOARD OF REVIEW and Jackson's-Byron Department Store, Respondents.
Nos. 63-554, 63-559.
District Court of Appeal of Florida. Third District.
December 3, 1963.
Rehearing Denied February 4, 1964.
Butler, Swope & Manning, Miami Shores, David V. Lococo, North Miami, for petitioner.
Burnis T. Coleman, Lawrence Kanzer, Tallahassee, A. Worley Brown, Roy M. Schenerlein, Miami, for respondents.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
CARROLL, Judge.
On certiorari we here review decisions of the Commission that the petitioners, who applied for unemployment compensation, were disqualified for having voluntarily left their employment without good cause.[1] The two cases were consolidated and heard together.
Petitioners were employed by the respondent Jackson's-Byron Department Store (hereinafter referred to as Byron's). Upon *654 noting shortages, Byron's gave notice that employees would be required to submit to polygraph, or lie detector tests periodically, and would be asked, as to the period of time following such notice, whether they had taken merchandise or money. When called on to take such tests petitioners refused, and because they refused were discharged.
At the outset we observe the record does not support the conclusion reached by the appeals referee and adopted by the Board that petitioners voluntarily left their employ. After refusing to take the test petitioners reported for work the following day but were paid off and turned away. The determinative question is whether their refusal to submit to a lie detector test, in the circumstances presented, amounted to misconduct connected with their work. We hold it did not and that the challenged ruling was erroneous.
Byron's could impose the rule and could discharge an employee who would not take the lie detector test. However, violation of an employer's rule which leads to discharge will not disqualify one for benefits unless it appears that the action which prompted the discharge amounted to misconduct within the meaning of the Act. Here the petitioners' discharge was not based on misconduct as defined. See Spaulding v. Florida Industrial Commission, Fla.App. 1963, 154 So.2d 334. In the only case brought to our attention dealing with whether an employee's refusal to take a lie detector test constitutes good cause for dismissal, it was held by the Pennsylvania Supreme Court that the refusal of a civil service employee to take a polygraph test was not just cause for his dismissal. See Stape v. Civil Service Comm. of City of Philadelphia, 404 Pa. 354, 172 A.2d 161.
In the instant case petitioners had not been singled out and accused of any acts of dishonesty. As to them the test was a fishing expedition. It has been disclosed that a tenth of the population are unfit subjects for polygraph tests, and that such tests tend to inaccuracies in from something less than ten up to twenty-five per centum of cases. See People v. Davis, 343 Mich. 348, 72 N.W.2d 269. Thus an innocent employee taking such a test could be risking loss of job and reputation at odds similar to those in Russian roulette. A different case would be made out for such refusal by one who entered the employment after the rule for lie detector tests was in effect and with knowledge that it was a condition of employment or continued employment; that is not this case, and we express no opinion thereon.
For the reason stated, certiorari is granted and the challenged orders in the above styled cases are quashed.
It is so ordered.
NOTES
[1] § 443.06(1), Fla. Stat., F.S.A. provides disqualification for benefits by one who "has voluntarily left his employment without good cause" or "been discharged by his employing unit for misconduct connected with his work."