**In re ADAM.**

No. 64-96 (Revised).

Florida Industrial Commission.
Unemployment Compensation Board of Review.

April 9, 1964.

Patrick H. Mears and W. W. Stalvey, both of Tallahassee, for the commission.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for the employer.

Florida Unemployment Compensation Board of Review — A. WORLEY BROWN, Chairman, WALTER L. LIGHTSEY, Member, STIRLING TURNER, Member.

*Revised decision:* This cause came on for redetermination by the board of review at Tallahassee on April 8, 1964, on the commission's application to the board for a revised decision, and was reviewed upon the record and briefs.

*Nature of previous decision:* The board of review on March 4, 1964 affirmed a decision by the appeals referee, reversing a determination by the claims examiner which had held the claimant separated from the employer under nondisqualifying conditions and charging the employment record of the employer.

*Findings of fact:* The claimant is a 29-year-old woman who has been employed by employer for several years as a telephone operator. Claimant works under a collective bargaining agreement between the employer and her union. Prior to August 11, 1963, claimant requested and was granted a maternity leave of absence for the one-year period beginning August 11, 1963, in accordance with her union agreement. The union agreement provides that an employee shall present to the employer not later than the end of the fifth month of pregnancy a doctor's certificate stating the probable date of confinement, together with a request for leave of absence. It further provides that if this request for leave is not made by the employee more than sixty days prior to the estimated expected date of confinement, the employer shall have the right to place the employee on a six-months leave of absence to begin not more than sixty days prior to the expected date of confinement.

Claimant's baby was born on October 10, 1963. On November 23, 1963, after her six weeks checkup by her doctor, claimant requested permission to return to work before expiration of her leave of absence, but was informed that her services would then not be used because a vacancy did not exist at that time.

On December 10, 1963 the claimant filed a claim for unemployment compensation benefits and registered for work.

Claimant returned to work for the employer on January 27, 1964.

Claimant was not unemployed for the period from August 11, 1963 to January 27, 1964, when she returned to work with the employer.

*Reasons for decision:* The Florida Unemployment Compensation Law, subsection 443.06(1), Florida Statutes, provides that an individual shall be disqualified for benefits for the week in which he has voluntarily left his employment without good cause attributable to his employer or in which he has been discharged by his employing unit for misconduct connected with his work. It is further provided that good cause as used in this subsection means only such cause as is attributable to the employer or consists of illness or disability of the individual other than pregnancy, requiring separation from his employment.

Section 443.05 of the law provides that an *unemployed* individual shall be eligible to receive benefits with respect to any week only as the commission finds that he meets certain stated conditions.

The record and evidence in this case clearly establish that claimant, pursuant to an agreement between her union and her employer, requested the employer to grant her a one-year leave of absence beginning August 11, 1963, in accordance with such agreement, due to the fact that claimant was pregnant. The cases make it clear, and we so hold, that both the employer and the employee are bound by a union contract made between the employer and the collective bargaining representative of its employees, as here. Any action taken pursuant to such contract is legally held to be voluntary as to the employee. See Moen v. Mass. Unemployment Security (Mass. 1949), 85 N. E.2d 779; Anson v. Fisher (Minn. 1958), 93 N. W.2d 815; Mattey v. Pa. Unemployment Comp. Board of Review (Pa. 1949), 63 A.2d 429; Johnson v. LaGrange (Minn. 1955), 70 N. W.2d 335. Cf. Swope v. Fla. Ind. Comm. (Fla. DCA-3, 1964), 159 So.2d 653.

The record shows that claimant was granted the leave of absence not to exceed one year, or until August 10, 1964. The rec-

ord further discloses that claimant's baby was born on October 10, 1963, and that on November 23, 1963, claimant returned to the employer and requested that she be allowed to return to work. No work was available at that time, but she was returned to duty on January 27, 1964.

Since claimant's leave of absence had not terminated, it is the view of the board of review that claimant was not "unemployed" within the meaning of the law during the weeks with respect to which she filed claims for benefits. A person on a bona fide leave of absence is not an "unemployed" individual for the extent of the leave of absence. Such person is ineligible for unemployment compensation benefits because employment is not "left" until expiration of the leave of absence.

In the case of Southwestern Bell Tel. Co. v. Thronbrough, 341 S. W.2d 1, the court held that where a telephone operator was granted a one-year leave of absence because of pregnancy, applied to return to work before the expiration of her leave and was informed that the employer had no work available, and filed her claim before expiration of her leave, since her leave of absence had not terminated it was error for the commissioner to hold her eligible for benefits.

It was also held in Western Elec. Co. v. Director of Div. of Emp. Security, 163 N.E.2d 154, a Massachusetts case, that where an employer granted employee a maternity leave of absence pursuant to a collective bargaining agreement which preserved seniority, etc., but employer had no work available for employee when she returned to work, the employee did not "leave" her employment at the start of her maternity leave, but "left" at the end of her leave of absence and was entitled to benefits after the expiration of her leave of absence since the cause of her unemployment was attributable to the employer.

We agree with the philosophy of the above cases and must conclude that claimant was ineligible for benefits for the period from August 11, 1963 to January 27, 1964, when she returned to work, because she was on leave of absence and not unemployed.

*Decision:* The decision of the board of review, dated March 6, 1964, is vacated and set aside. The decision of the appeals referee is reversed, vacated and set aside. The determination of the claims examiner, holding that claimant was discharged by the employer but not for misconduct connected with her work and charging the employment record of the employer, is also vacated and set aside. Claimant was not unemployed for the period from August 11, 1963 to the date she returned to work on January 27, 1964, and is ineligible for benefits with respect to any week during the period of her leave of absence.