PER CURIAM.
At issue is whether an individual who refuses to take a polygraph examination may be denied unemployment compensation benefits where submission to such examination was not a term of the employment contract. We answer in the negative and reverse.
Appellant managed a convenience store for approximately four years. On several occasions, at the owner/company’s request, appellant took a polygraph examination. In 1984 the company noted inventory shortages at appellant’s store and, again, requested that she submit to a polygraph examination. She declined, was fired, and filed for unemployment compensation benefits. The Division of Unemployment Comr pensation denied benefits, stating: “You were discharged because you refused to take a polygraph test. This was not an unreasonable request since you had agreed to take a test on a previous occasion.” Appellant sought an administrative hearing which resulted in a recommendation from the appeals referee that appellant be denied benefits. The Commission affirmed this recommendation and appellant filed this appeal.
Section 443.101(l)(a), Florida Statutes (1985), provides that an individual shall be disqualified from unemployment benefits if that individual “has been discharged by his employing unit for misconduct connected with his work....” Misconduct, in turn, has been defined to include “[ejonduct *594 evincing such willfúl or wanton disregard of an employer’s . interest- as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee.... ” § 443.036(24)(a), Fla.Stat. (1985). Placed in this framework, the question is whether appellant’s refusal to take a polygraph examination amounts to misconduct within the meaning of the statute.
The Third District addressed this issue in Swope v. Florida Industrial Commission Unemployment Compensation Board of Review, 159 So.2d 653 (Fla. 3d DCA 1963), where the court held that an employee’s refusal to take a polygraph examination did not constitute misconduct within a meaning of the statute. The court noted, however, that
[a] different case would be made out for such refusal by one who entered the employment after the rule for lie detector tests was in effect and with knowledge that it was a condition of employment or continued employment....
Id. at 654. The Commission argues that the case at bar fits the definition of that “different case” described by the Third District. We disagree.
In this case, as in Swope, there was no pre-employment requirement to submit to polygraph examinations. Furthermore, the record does not reflect that there was an announced rule which made such tests a condition of continued employment. The fact that appellant voluntarily submitted to prior polygraph examinations does not create an implied condition of employment. Thus, we hold that appellant’s refusal to take a polygraph examination does not constitute misconduct. See generally Douthitt v. Kentucky Unemployment Insurance Commission, 676 S.W.2d 472 (Ky.App.1984); Valley Vendors, Inc. v. Jamieson, 129 Ariz. 238, 630 P.2d 61 (Ct.App.1981).
Accordingly, the decision of the Unemployment Appeals Commission is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
DOWNEY and HURLEY, JJ., and RIVKIND, LEONARD, Associate Judge, concur.