HERSEY, Judge.
Appellant appeals an order of the Unemployment Appeals Commission finding that appellee was not disqualified from receiving unemployment benefits. We affirm.
The claimant began working for the employer on October 17, 1991. At the time claimant was hired there was no drug-free workplace policy in effect. On April 16,1993, the employer informed all employees that it would be instituting random drug testing pursuant to a drug-free workplace policy. Claimant refused to submit to a drug test, and was subsequently terminated.
The appeals referee found that the claimant was not disqualified from receipt of benefits because claimant was discharged for reasons other than misconduct connected with work. The referee reasoned that the implementation of the employer’s drug-free work place policy was a substantial violation of the conditions of the claimant’s employment. The Unemployment Appeals Commission agreed, citing Swope v. Florida Indus. *282 Comm’n, 159 So.2d 653 (Fla. 3d DCA 1963), which held that an employee’s refusal to take a lie detector test did not constitute misconduct because the requirement that employees take lie detector tests was not in effect at the time the employee was hired.
According to section 443.101(l)(a), Florida Statutes (1993), an individual shall be disqualified for worker’s compensation benefits if he voluntarily leaves his work without good cause attributable to his employing unit or has been discharged by his employing unit for misconduct connected with his work. Section 443.036(26), Florida Statutes (1993), defines misconduct as follows:
MISCONDUCT. — “Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
Appellant argues that the more recent case of Fowler v. Unemployment Appeals Comm’n, 537 So.2d 162 (Fla. 5th DCA 1989), should control this issue. According to Fowler, citing City of Palm Bay v. Bauman, 475 So.2d 1322 (Fla. 5th DCA 1985), in the absence of a preset policy regarding drug testing, an employer may still require an employee to submit to a drug test if there is a “reasonable suspicion” that the employee is using illegal drugs, and failure to submit to a test, after being warned that failure to do so may result in dismissal, constitutes a deliberate disregard of the employer’s interests. We agree that the holding in Fowler is sound, but find no record evidence to support a finding that the employer in the instant case had a reasonable suspicion to believe claimant was using illegal drugs.
Based on the record before us, it appears that at the time claimant was hired the employer had no set drug policy in place. Thus, the employer had no right to expect claimant to submit to drug testing, and such refusal to submit can not be considered a deliberate violation or disregard of the standards of behavior which the employer had the right to expect from his employee. See § 443.036(26)(a), Fla.Stat. (1993). Further, in the absence of a reasonable suspicion of drug use there is no evidence to support a reversal because the failure to take the test can not be considered a willful and wanton disregard of the employer’s interests. See § 443.036(26)(a), Fla.Stat. (1993). Therefore, because the record as presented does not indicate misconduct on the part of claimant, we find no error in the decision of the Unemployment Appeals Commission.
AFFIRMED.
GUNTHER and WARNER, JJ., concur.