864 So.2d 567 (2004)
Randall S. THOMAS, Appellant,
v.
UNITED PARCEL SERVICE, INC., and Unemployment Appeals Commission, Appellees.
No. 2D03-1455.
District Court of Appeal of Florida, Second District.
January 27, 2004.
*568 Terence J. Daly, Tampa, for Appellant.
Dennis M. McClelland and Elizabeth K. Fite of Holland & Knight LLP, Tampa, for Appellee United Parcel Service, Inc.
No appearance for Appellee Unemployment Appeals Commission.
WALLACE, Judge.
Randall S. Thomas was denied unemployment compensation benefits based on the referee's finding that he was terminated as a result of misconduct connected with work. The Unemployment Appeals Commission (UAC) upheld the referee's decision. Thomas challenges the order and argues that his actions did not amount to misconduct that would support the denial of benefits. We agree and reverse.
Thomas was employed as a pre-loader with United Parcel Service (UPS) beginning in August 1998. On May 21, 2002, Thomas' manager heard from another employee that Thomas had a camera in the workplace. A security representative and the manager asked Thomas if they could search his book bag, which he carried to and from work. When Thomas refused to open his bag, he was asked again. He refused again. When Thomas was told that he could not take pictures in the workplace, he denied doing so.
On June 4, 2002, another employee informed the manager that he observed Thomas with a camera in the workplace and that he had put it in a bag. The security representative and the manager called Thomas into the manager's office. They asked Thomas if he had a camera, and he responded in the negative. They asked if they could search his bag, but Thomas refused. The manager told Thomas that he would issue a warning letter if Thomas refused. Thomas again refused to let the manager search his bag. The manager then informed Thomas that he could be suspended if he still refused. After Thomas refused a search the third time, the manager discharged Thomas for insubordination.
In her conclusions of law, the referee determined that UPS terminated Thomas for misconduct within the meaning of the unemployment statute. The referee determined that UPS had a right to protect its proprietary interest in ensuring that its customers' packages are properly handled. Because of this interest, the referee reasoned that Thomas demonstrated insubordinate behavior by not submitting to a search. In making this determination, the referee gave consideration to the fact that UPS had no posted policy regarding the search of employees' personal belongings. However, the referee concluded that even if the policy was not posted, Thomas had notice of the policy on May 21, 2002, when UPS first asked to search his bag.
The UAC affirmed the referee's decision that Thomas was disqualified from receiving benefits. However, in a dissenting opinion, Chairman Forst concluded that UPS did not meet its burden of establishing *569 that Thomas was terminated on the basis of misconduct connected with work. One of Chairman Forst's concerns with the referee's decision was:
The employer failed to provide evidence that it had informed its employees that it might search their personal belongings. The referee excuses this lack of a policy by noting that the claimant "had notice of this policy" because the employer had previously sought to search his bag. Yet, the employer has acknowledged that it does not have such a "policy."
The issue we confront is whether Thomas' refusal to submit to a search of his personal belongings constitutes misconduct connected with his work. In deciding this issue, we recognize that this court cannot reweigh the evidence or substitute its judgment for that of the UAC as to any disputed finding of fact. Doyle v. Fla. Unemployment Appeals Comm'n, 635 So.2d 1028 (Fla. 2d DCA 1994). Furthermore, this court cannot overturn a UAC decision unless the record lacks competent, substantial evidence to support the action. Id.
An employee terminated for misconduct connected to his work is not entitled to unemployment compensation benefits. § 443.101(1)(a), Fla. Stat. (2002). Section 443.036(29) defines "misconduct" as including, but not limited to:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
Under well-established law, this statute is to be liberally interpreted in favor of an employee, and its disqualifying provisions are to be construed narrowly in determining whether the employee's actions support the denial of benefits. See Mason v. Load King Mfg. Co., 758 So.2d 649 (Fla.2000). It is also well established that the employer has the burden of proving that the employee was terminated for misconduct in connection with his work. Id.; see also Barchoff v. Shells of St. Pete Beach, Inc., 787 So.2d 935 (Fla. 2d DCA 2001); Doyle, 635 So.2d at 1031. To meet its burden, "the employer must show more than an employee's inefficiency, unsatisfactory conduct, or failure to perform in the work-place." Id.
Although case law in Florida has not addressed the termination of an employee based on his refusal to consent to a search of his personal belongings, Florida courts have addressed an employer's enforcement of a workplace policy not in effect at the time of the employee's hiring. See AAA Gold Coast Moving & Storage, Inc. v. Weiss, 654 So.2d 281 (Fla. 4th DCA 1995); Vaughn v. Fla. Unemployment Appeals Comm'n, 482 So.2d 593 (Fla. 4th DCA 1986); Swope v. Fla. Indus. Comm'n Unemployment Comp. Bd. of Review, 159 So.2d 653 (Fla. 3d DCA 1963). When, at the time an employee was hired, the employer had no preset policy with which the employee was required to comply as a condition of continued employment, refusal to comply with the policy at the employer's request does not constitute misconduct within the meaning of the unemployment statute. Vaughn, 482 So.2d at 594; see § 443.036(29)(a); Swope, 159 So.2d at 654.
In the context of drug testing, in the absence of a preset policy, an employer may still require an employee to submit to *570 a drug test if there is a "reasonable suspicion" that the employee is using illegal drugs. AAA Gold Coast Moving & Storage, 654 So.2d at 282 (citing Fowler v. Unemployment Appeals Comm'n, 537 So.2d 162 (Fla. 5th DCA 1989)). When reasonable suspicion exists, failure to submit to a drug test, after being warned that failure to do so may result in dismissal, constitutes a deliberate disregard of the employer's interests. Id.
The "reasonable suspicion" exception was created in City of Palm Bay v. Bauman, 475 So.2d 1322 (Fla. 5th DCA 1985), in which the court upheld a city policy requiring police and firefighters to submit to a urinalysis test at set times throughout their employment. When the court validated the policy, it expressed the importance of having a competent police and firefighter force because the work requires and the public's safety demands complete mental and physical functioning. Additionally, the court supported its holding based upon the city's assertion that the city had a right to insist that its law enforcers not be law breakers. Id. at 1326.
The interests the Fifth District was trying to promote by creating the "reasonable suspicion" exception in drug testing cases do not exist in the present case. The only reason that UPS wanted to conduct the search was to determine if Thomas had a camera in his book bag. The public interest in preventing cameras in the workplace is substantially less important than the need to ensure a drug-free police force. We conclude that the "reasonable suspicion" exception should not be extended to searches such as the one conducted in the present case.[1]
Because the "reasonable suspicion" exception should not apply in this case, the only matter to be resolved is whether UPS enforced a policy that was not in existence at the time Thomas was hired. UPS' admission that it had no policy regarding the search of its employees and their personal effects leads to the conclusion that Thomas' refusal to submit to the search cannot be considered a deliberate violation or disregard of the standards of behavior which UPS had the right to expect.
Thomas' refusal to submit to the requested search may have reflected poor judgment. UPS was not unreasonable in deeming it a sufficient basis to terminate his employment. Nevertheless, an action warranting termination does not automatically constitute misconduct precluding unemployment compensation. See Pascarelli v. Unemployment Appeals Comm'n, 664 So.2d 1089, 1091 (Fla. 5th DCA 1995). Because the facts relied on by the referee and the UAC do not support the conclusion that Thomas engaged in misconduct that warranted the denial of unemployment compensation benefits, we reverse with instructions that Thomas be provided with unemployment benefits to the extent that he otherwise qualifies for them.
Reversed and remanded.
SALCINES and STRINGER, JJ., Concur.
NOTES
[1] We might be confronted with a different case if the record revealed that UPS singled out Thomas for a search of his personal effects based upon a "reasonable suspicion" that his alleged possession of a camera involved specific wrongful conduct detrimental to UPS' interests that also serve the public interest, e.g., removing merchandise from customers' packages or taking photographs in the workplace in violation of a company policy to protect the confidentiality of its customers. However, that is not the situation before us, and we express no opinion thereon.