WARNER, J.
 

 Appellant Victoire Laguerre appeals the final order granting summary judgment in favor of appellee Palm Beach Newspapers, Inc., d/b/a The Palm Beach Post, on her complaint against the Post alleging wrongful discharge in violation of section 440.102, Florida Statutes (2006), the drug-free workplace program under the Workers’ Compensation Law. Because there was no evidence that the newspaper’s drug-free workplace program was instituted pursuant to the statute, Laguerre could not maintain an action for its violation. We affirm.
 

 When Laguerre commenced employment with The Palm Beach Post, as a condition of employment, the Post required her to complete an application for employment, the contents of which stated: “FOR THE SAFETY, HEALTH AND WELL-BEING OF OUR EMPLOYEES, THERE IS AN ANTI-DRUG AND ALCOHOL POLICY IN EFFECT AT THIS COMPANY. WE ARE COMMITTED TO A DRUG- AND ALCOHOL-FREE WORKPLACE.” By submitting the application, Laguerre agreed “to submit to drug and alcohol testing within the limits prescribed by state and federal law.” The application did not state that the Post operated a drug-free workplace within the meaning of section 440.102 or otherwise reference section 440.102.
 

 Laguerre underwent pre-employment drug testing and during her employment consented to three random drug tests. The third random drug test came back positive for cocaine use. The Post terminated Laguerre. She requested a confirmation test, but the Post refused. She herself took an additional test which came back negative, and she adamantly maintained that she had never used drugs.
 

 Following the termination of her employment, Laguerre filed a complaint against the Post alleging wrongful discharge in violation of section 440.102 for failure to conduct the drug testing in conformance with its procedures. In her third amended complaint, Laguerre alleged that the Post had established a “de facto” drug-free workplace program pursuant to section 440.102(2). Her submission to the random drug testing was based upon the Post’s representation that it had instituted a drug-free workplace pursuant to the statute and its accompanying rules and regulations.
 

 The Post filed a motion for summary judgment contending that no evidence showed that it was covered by section 440.102. The court found that participation under the statute was voluntary. Accordingly, the court granted the motion for summary judgment from which La-guerre appeals.
 

 
 *394
 
 Laguerre contends that the trial court erred in granting summary judgment, because the Post implemented a drug-free work policy pursuant to section 440.102 but failed to conduct the random testing in accordance with its terms. Therefore, it wrongfully discharged her. We agree, however, that adoption of a section 440.102 drug-free workplace is voluntary, and the evidence is undisputed that the Post did not adopt the statutory provisions.
 

 The implementation of a drug-free workplace pursuant to section 440.102 is voluntary. Section 440.102 permits an employer to test employees for drugs enumerated in the statute. If the employer adopts the drug-free program pursuant to the statute, the employer can secure certain discounts and benefits:
 

 In order to qualify as having established a drug-free workplace program under this section and to qualify for the discounts provided under s. 627.0915 and deny medical and indemnity benefits under this chapter, an employer must implement drug testing that conforms to the standards and procedures established in this section and all applicable rules adopted pursuant to this section as required in subsection (4). However, an employer does not have a legal duty under this section to request an employee or job applicant to undergo drug testing. If an employer fails to maintain a drug-free workplace program in accordance with the standards and procedures established in this section and in applicable rules, the employer is ineligible for discounts under s. 627.0915.
 

 § 440.102(2), Fla. Stat. The statute applies only to those employers who implement drug-free workplace policies pursuant to its requirements, and participation in the program is discretionary as its provisions are applicable only if the employer wishes to secure the insurance discounts. As the Post aptly observes, if the statute were mandatory, the legislature would not need to provide incentives, such as insurance discounts, for employers to follow it.
 

 An employer who elects not to operate a drug-free workplace program under section 440.102 is not prohibited from conducting drug testing, as the statute expressly provides: “This section ... does not abrogate the right of an employer under state law to conduct drug tests, or implement employee drug-testing programs ....”§ 440.102(7)(e), Fla. Stat. If section 440.102 applied to all drug testing conducted by an employer, this provision would be rendered superfluous.
 

 The record demonstrates that the Post did not operate, or represent that it operated, a drug-free workplace within the meaning of section 440.102. Although the application for employment stated that the Post was committed to a drug-free workplace, it did not reference section 440.102, nor did it represent that it conducted random drug testing pursuant to that statute. Although Laguerre argues that the statutory section need not be referenced, we disagree. Section 440.102(3) specifically requires notification of the section:
 

 (3) Notice to employees and job applicants.—
 

 (a) One time only, prior to testing, an employer shall give all employees and job applicants for employment a written policy statement which contains:
 

 2.
 
 A statement advising the employee or job applicant of the existence of this section.
 

 § 440.102(3), Fla. Stat. (2006) (emphasis supplied). No such notification was given in this case.
 

 There was no other evidence whatsoever that the Post had implemented a drug-free
 
 *395
 
 workplace program pursuant to section 440.102. The application was insufficient to establish that the Post implemented a program in accordance with the statute. Had the Post implemented such a policy, pursuant to section 440.102(3)(a), it would have been required to give to Laguerre the complete notice required in section 440.102(3), which includes a written policy statement containing: (1) a general statement of the employer’s policy on employee drug use identifying the types of drug testing and consequences of a positive drug test result, (2) the already noted statement advising of the existence of section 440.102, (3) a statement concerning confidentiality, (4) procedures to report the use of medications, (5) a list of common medications which may alter test results, (6) the consequences of refusing to submit to a drug test, (7) a list of rehabilitation programs, (8) a statement addressing the procedure for contesting a result, (9) a statement informing of the responsibility to notify the laboratory of any action brought, (10) a list of drugs for which the employer will test, (11) a statement regarding any collective bargaining agreement and the right to appeal, and (12) a statement notifying of the right to consult with a medical review officer for technical information regarding medication. This information was not provided.
 

 The Post filed an affidavit of its officer that it did not adopt the statutory drug-free workplace policy. No contrary evidence was presented, and no material issue of fact exists. Laguerre’s subjective belief that the Post implemented its drug-free workplace policy pursuant to the statute is irrelevant.
 
 See Quaker Oats Co. v. Jewell,
 
 818 So.2d 574, 579 (Fla. 5th DCA 2002) (an employee’s belief as to the legal import of an employer’s policy or contract “has no bearing” on the issue of interpretation of that policy or contract). Because the Post had not adopted the drug-free work policy under the statute, Laguerre had no cause of action for wrongful discharge for a violation of the statute.
 
 [1]
 

 Laguerre was an at will employee of The Post. “[Wjhere the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract.”
 
 Smith v. Piezo Tech. & Prof'l Adm’rs,
 
 427 So.2d 182, 184 (Fla.1983) (citation omitted). An at will employee may be discharged at any time, as long as she is not terminated for a reason prohibited by law, such as retaliation or unlawful discrimination.
 
 Leonardi v. City of Hollywood,
 
 715 So.2d 1007, 1008 n. 1 (Fla. 4th DCA 1998). Neither exception applies.
 
 [2]
 

 We affirm on all issues.
 

 POLEN, J., and KAPLAN, MICHAEL G., Associate Judge.
 

 [1]
 

 . Laguerre also makes a claim that if the employer has not adopted a section 440.102 drug free workplace, it must have reasonable suspicion to test an employee for drugs. She cites to cases involving denial of unemployment compensation benefits, specifically
 
 Thomas v. United Parcel Service, Inc.,
 
 864 So.2d 567 (Fla. 2d DCA 2004), and
 
 AAA Gold Coast Moving & Storage,
 
 654 So.2d 281 (Fla. 4th DCA 1995). These cases are inapplicable in that they involve the issue of whether an employee committed misconduct sufficient to deny unemployment compensation when the employee refused to submit to a drug test or search, where the employer had no policy on such testing or searches. Here the Post had an announced, written policy.
 

 [2]
 

 . Again Laguerre relies on inapplicable provisions of the Unemployment Compensation Law in its argument. Chapter 443 and its provisions do not apply to this case.