[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12070
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cv-02714-JSM-CPT

CLIFFORD MCCULLOUGH,

Plaintiff-Appellant,

versus

NESCO RESOURCES LLC,
a Florida Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 7, 2019)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Clifford McCullough, proceeding pro se, appeals the district court's grant of

judgment on the pleadings in favor of Nesco Resources, LLC in his civil action,

raising violations of Florida's workers' compensation, false advertising and civil

rights laws, as well as breach of contract and intentional infliction of emotional distress.  McCullough, a 54 year-old black male, basically claims that Nesco, a job placement agency, discriminated against him by not offering him employment after he submitted an application twice and passed drug testing Nesco improperly required of him.  On appeal, McCullough argues that the district court erred: (1) in holding that Fla. Stat. § 440.102 lacks a private right of action; and (2) in granting Nesco's motion for judgment on the pleadings.  After thorough review, we affirm.

We review de novo the interpretation of a state statute.  Blasland, Bouck & Lee, Inc. v. City of N. Miami, 283 F.3d 1286, 1294 (11th Cir. 2002).  We review de novo an order granting judgment on the pleadings, accepting the complaint's facts as true and viewing them in the light most favorable to the nonmovant.  Abdur-Rahman v. Walker, 567 F.3d 1278, 1280-81 (11th Cir. 2009).

First, we are unpersuaded by McCullough's claim that Fla. Stat. § 440.102 contains a private right of action that would allow him to sue Nesco for requiring a drug test without offering him employment.  Because our jurisdiction is based on diversity of citizenship and we are construing a Florida statute, we must give the statute the meaning it would have in the Florida courts.  See Erie R. Co. v. Tompkins, 304 U.S. 65, 77-78 (1938).  Whether a private right of action exists for a violation of a Florida statute is a matter of legislative intent.  See Villazon v.

2

Prudential Health Care Plan, Inc., 843 So.2d 842, 852 (Fla. 2003).  Absent a specific expression of intent, a private right of action may not be implied.  Id.

Fla. Stat. § 440.102 establishes a drug-free workplace program as part of Florida's comprehensive workers' compensation scheme.  Fla. Stat. § 440.102; see generally id. § 440.  The legislature's stated intent was:

> [T]o promote drug-free workplaces in order that employers in the state be afforded the opportunity to maximize their levels of productivity, enhance their competitive positions in the marketplace, and reach their desired levels of success without experiencing the costs, delays, and tragedies associated with work-related accidents resulting from drug abuse by employees.  It is further the intent of the Legislature that drug abuse be discouraged and that employees who choose to engage in drug abuse face the risk of unemployment and the forfeiture of workers' compensation benefits.

Id. § 440.101(1).

To qualify for benefits under the program, an employer must implement certain drug-testing procedures, including job applicant drug testing.  See id. §§ 440.102(2), 440.102(4)(a)(1).  The statute defines "job applicant" as "a person who has applied for a position with an employer and has been offered employment conditioned upon successfully passing a drug test, and may have begun work pending the results of the drug test."  Id. § 440.102(1)(j).  Employers who do not follow the statute's procedures are ineligible for workers' compensation insurance discounts under Fla. Stat. § 627.0915.  Id. § 440.102(2).  It expressly "does not abrogate the right of an employer under state law to conduct drug tests, or

3

implement employee drug-testing programs; however, only those programs that meet the criteria outlined in this section qualify for reduced rates." Id. § 440.102(7)(e). It adds, under a section titled "Employer protection," that "[n]o cause of action shall arise in favor of any person based upon the failure of an employer to establish a program or policy for drug testing." Id. § 440.102(7)(h).

Here, the district court did not err in concluding that Fla. Stat. § 440.102 does not contain a private right of action. Notably, the legislature's statement of intent does not include any language regarding employees' rights under the program. See Fla. Stat. § 440.101. Rather, the statute provides in two different places the penalty for not following its procedures -- the employer would not qualify for discounts under Fla. Stat. § 627.0915. See id. §§ 440.102(2), 440.102(7)(e). The statute also contains a comprehensive section protecting employers from litigation based on its provisions, including expressly rejecting a cause of action against employers who do not implement the drug-free workplace policy. See id. § 440.102(7)(h). Taken together, these sections of the statute indicate that the state legislature did not intend to create a private right of action, but that it intended to protect employers from drug use in the workplace and to remedy violations by denying or revoking benefits under the workers' compensation program. Because there is no expression of intent to create a private right of action, we will not infer that one exists. See Villazon, 843 So. 2d at 852.

4

As for McCullough's reliance on <u>Laguerre v. Palm Beach Newspapers, Inc.</u>, 20 So. 3d 392, 395 (Fla. Dist. Ct. App. 2009), it is irrelevant.  In <u>Laguerre</u>, a plaintiff sued her former employer for wrongful discharge based on a violation of § 440.102 -- not for a violation of § 440.102 in and of itself, as McCullough does here.  <u>See</u> <u>id</u>. at 393.  Thus, when the court concluded that she could not state a cause of action because she did not prove that her employer participated in the drug-free workplace program, it was not implying that proof of participation would create a cause of action under the statute itself, but rather that a violation of the statute could result in a cause of action for wrongful discharge if the employer had adopted a § 440.102 drug-free workplace.  <u>See</u> <u>id</u>. at 395.  McCullough, by contrast, was not discharged and does not claim a wrongful discharge.

In any event, even if the statute provided a private cause of action (which it does not), McCullough does not allege that Nesco participated in the drug-free workplace program or received benefits from it.  Although a signed statement of a Nesco employee, Brandi Edenfield, provided that Nesco was a "Drug Free Work Place," it did not state that its policies were pursuant to the statute.  Further, the "Release and Consent Form for Controlled Substance Testing" that McCullough signed prior to his drug test also did not mention the statute.  Thus, McCullough's claim fails as a matter of law because his complaint and attachments contain no allegation that Nesco adopted the program or received its benefits.

We also find no merit to McCullough's claim that the district court erred by granting Nesco's motion for judgment on the pleadings. Judgment on the pleadings is proper if no material facts are in dispute and the movant is entitled to judgment as a matter of law. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014). A district court may rule on a motion for judgment on the pleadings before allowing for discovery. Horsley v. Feldt, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). This is because motions for judgment on the pleadings are facial challenges to the legal sufficiency of a complaint; because the allegations in the complaint are presumed to be true, there are no issues of fact. Id. In this case, as we detail below, the district court did not err in granting judgment on the pleadings prior to the completion of discovery, because discovery was not necessary to conclude that McCullough's claims failed as a matter of law.[1]

As for the false advertising claims (Count II), the district court did not err in holding that they failed to state a claim. Florida law prohibits any advertisement offering to sell property when the proposed seller has no intention of either actually selling the advertised property or of selling the property for the price advertised. Fla Stat. § 817.44; see Samuels v. King Motor Co. of Fort Lauderdale, 782 So. 2d 489, 497 (Fla. Dist. Ct. App. 2001). Florida law also prohibits untrue, deceptive,

---

[1] We add that we will not consider McCullough's arguments, raised for the first time in his reply brief, that: (1) Nesco's drug testing violated his Fourth and Fourteenth Amendment rights; and (2) the district court erred by taking judicial notice of the exhibits attached to Nesco's motion but not the exhibits attached to his opposition. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (declining to consider arguments raised for the first time in a pro se litigant's reply brief).

or misleading advertisements made "with intent to offer or sell or in anywise dispose of merchandise, securities, certificates, diplomas, or other credentials." Fla. Stat. § 817.06. However, McCullough's complaint makes no allegation that Nesco intended to sell him anything, nor that it misrepresented the price of any items. Thus, he failed to state a claim under Fla. Stat. § 817.06 or § 817.44.

The district court also did not err in granting judgment on the pleadings as to McCullough's breach of contract claim (Count III). To state a claim for breach of contract in Florida, a plaintiff must plead, inter alia: (1) the existence of a contract; and (2) a material breach of that contract. Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1272 (11th Cir. 2009). To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. Id. An employment contract must specify the conditions of employment in definite and certain terms. Muller v. Stromberg Carlson Corp., 427 So. 2d 266, 268 (Fla. Dist. Ct. App. 1983).

While McCullough argues that the "Release and Consent Form for Controlled Substance Testing" he signed created a contract for employment, it specifically stated that the drug testing was "a condition for consideration of assignments" (emphasis added) with Nesco. Moreover, the release and consent form did not contain any terms of employment, like duration or conditions, or an offer of employment. On this record, McCullough failed to set forth any facts

7

establishing the existence of an employment contract between him and Nesco, and his claim for breach of contract fails as a matter of law. Vega, 565 F.3d at 1272.

Nor did the district court err in granting judgment on the pleadings as to the Florida Civil Rights Act ("FCRA") claims (Counts IV-VI). The FCRA provides a private right of action for a violation of any Florida discrimination statute. Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1204 (11th Cir. 2007). Before a plaintiff may bring an FCRA civil action, he must exhaust his administrative remedies, as set forth in Fla. Stat. § 760.11. See id. at 1205. To do so, the claimant must file a charge with the Commission within 365 days of the alleged violation. Fla Stat. § 760.11(1). If the Commission determines that no reasonable cause exists to believe that unlawful discrimination occurred, the claimant may request an administrative hearing before an ALJ. Id. § 760.11(7). After the hearing, the ALJ issues a recommended order to the Commission, which then issues a final order by adopting, rejecting, or modifying the recommended order. Id. The claimant may not file a civil action unless the Commission, in its final order, determines that the FCRA has been violated. See id.; Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So. 2d 891, 895 (Fla. 2002). If the final order issued by the Commission determines that the FCRA has not be violated, the claimant has 30 days to seek judicial review pursuant to Fla. Stat. § 120.68, which provides for review of adverse agency actions. Id. §§ 760.11(13), 120.68(2)(a).

Here, the district court did not err in concluding that McCullough failed to exhaust his administrative remedies before filing his FCRA claims. The record reveals that the Commission issued a final order dismissing McCullough's charges of race and age discrimination on September 8, 2016. McCullough had the option to appeal the Commission's decision within 30 days, but he does not allege that he did so. See Fla. Stat. § 760.11(7), (13); Woodham, 829 So. 2d at 895. Because McCullough did not follow the procedures outlined in § 760.11, he cannot institute a civil action based on his discrimination claims. See Sheely, 505 F.3d at 1205.

Nor did McCullough follow proper § 760.11 procedures for his FCRA retaliation claim because he did not include it in his charge of discrimination. According to the complaint, all of the relevant events -- including those concerning his alleged retaliation -- occurred in 2013 and 2014, so McCullough has missed the 365-day deadline to file a retaliation charge with the Commission. See Fla. Stat. § 760.11(1). Because he did not include any retaliation claims in his charge of discrimination, and because it is too late to do so now, the district court did not err in granting judgment on the pleadings as to McCullough's retaliation claims.

Finally, the district court did not err in concluding that McCullough did not state a claim for intentional infliction of emotional distress (Count VII). Florida law recognizes the tort of intentional infliction of emotional distress where an actor, by extreme and outrageous conduct, intentionally or recklessly causes severe

emotional distress to another.  Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985) (adopting the definition contained in the Restatement (Second) of Torts § 46 (Am. Law. Inst. 1965)).  For the defendant to be liable, its conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Id. (quoting Restatement (Second) of Torts § 46 cmt. d).

Here, the district court did not err in concluding that McCullough did not state a claim for intentional infliction of emotional distress.  McCullough alleges that Nesco employees submitted him to a drug test, expressed concern about his age and weight, strung him along in the hiring process, and spoke "defensively" toward him.  We cannot say, however, that these allegations describe extreme or outrageous conduct under Florida's demanding definition.  McCarson, 467 So. 2d at 278.  Accordingly, we affirm.

**AFFIRMED**.